## GEORGE A. GREDLER, APPELLANT, VS. SARAH J. GREDLER, APPELLEE.

DIVORCE—TWO YEARS' PRIOR RESIDENCE IN FLORIDA NECESSARY TO BE ALLEGED AND PROVED BEFORE COURTS AUTHORIZED TO GRANT.

Where a party sues for divorce in Florida, he is required to allege in his bill, and to establish such allegation by proof, that he has resided in this State for two years prior to the filing of his bill before our courts are authorized to grant the relief prayed. And where such allegation, and proof to sustain it, are wanting at the final hearing in such a case it is proper to dismiss the bill.

Appeal from the Circuit Court for Franklin county.

The facts in the case are stated in the oipnion of the court.

*W. B. Sheppard* and *William Scott*, for Appellant.

No Appearance for Appellee.

TAYLOR, J.:

George A. Gredler, the appellant, on September 25th, 1889, sued the appellee, Sarah J. Gredler, by bill in equity, in the Circuit Court of Franklin county, for divorce. The defendant answered denying all the material allegations of the bill. Replication was filed, the cause was referred to a master to take and report the testimony; a voluminous amount of testimony was taken and reported to the court; a final hearing upon the pleadings and proofs was had, and this resulted in a decree dismissing the complainant's bill; and from this decree the complainant appeals.

The complainant had wholly failed to allege in his bill, or to prove, that he had resided in this State for two years prior to the exhibition of his bill. In Phelan vs. Phelan, 12 Fla. 449, it was held, and we think with entire correctness, that the fact of the applicant's prior residence for two years in this State was necessary both to be alleged in the bill, and established by proof, before the courts were authorized to grant a divorce under our statute. Miller vs. Miller, 33 Fla. 453. In the absence of such allegation, and proof to sustain it, the court below very properly dismissed the bill at the final hearing.

The decree appealed from is affirmed.