## ROSNIAKOWSKI v. ROSNIAKOWSKI.

[No. 4,995. Filed November 29, 1904.]

1. DIVORCE.—*Jurisdiction.*—Under §1043 Burns 1901 it is incumbent upon the plaintiff to establish affirmatively a residence in the State for at least two years, and in the county six months, immediately preceding the filing of a petition for divorce. p. 130.

2. SAME.—*Petitioner's Residence.*—*Evidence.*—Where, in an action for divorce, the petitioner's evidence showed that she came to the State of Indiana on the first or second day of July, 1899, and had been a continuous resident of S. county up to the time of filing her

Rosniakowski *v.* Rosniakowski.

petition, September 13, 1901, her residence is fully shown as provided by §1043 Burns 1901, requiring a residence in the State at least two years and in the county six months before the filing of an action for divorce. p. 131.

3.  DIVORCE.—*Residence.*—*Freeholders.*—*Evidence.*—Where, in an action for divorce, petitioner introduced two witnesses, one of them testifying that he was a freeholder—owning a lot in the city of S. B. in S. county—and the other testifying that he lived in S. county and that he owned about 60 acres of land in his own name "out there" about six miles, and that he had lived in S. county 13 years, such witnesses were qualified as freeholders to testify as to plaintiff's residence in accordance with §1043 Burns 1901. p. 131.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Action by Petronella Rosniakowski against Jozef Rosniakowski for divorce. From a decree for plaintiff, the defendant appeals. *Affirmed.*

*F. J. L. Meyer* and *C. P. Drummond,* for appellant.

*W. A. McInerny, F. H. Wurzer* and *G. G. Feldman,* for appellee.

MYERS, J.—It appears from the record in this case that on June 15, 1901, appellee filed in the St. Joseph Circuit Court her complaint against appellant, asking for support, as provided and authorized by §§6977, 6978 Burns 1901, §§5132, 5133 R. S. 1881. No process was issued or publication had. Appellant did not appear or answer this complaint and was never in court voluntarily or otherwise for that purpose. On September 13, 1901, an additional, or what was designated as a "third paragraph of complaint," was filed by appellee, in which she averred residence in the State of Indiana and in St. Joseph county, as provided by §1043 Burns 1901, §1031 R. S. 1881; marriage of appellant and appellee; a living together as husband and wife; separation; that they had not lived or cohabited together as husband and wife after separation; stating name of appellee before marriage; acts of cruel and inhuman treatment of appellee by appellant; kind and

value of property owned by appellant; and demanding a divorce, alimony, and to be allowed to assume her maiden name. On March 6, 1903, an amended complaint was filed by appellee against appellant, averring virtually the same facts as stated in said third paragraph, to which was at-tached and filed with the clerk of the court the affidavit of appellee as to residence, etc., as required by §1043, *supra.* To this amended petition, or complaint, appellant appeared and answered. The issue thus tendered was tried by the court, resulting in a finding and judgment for appellee.

Appellant moved for a new trial, assigning as reasons therefor: (1) That the decision of the court is not sus-tained by sufficient evidence; (2) that the decision of the court is contrary to law. The motion was overruled, and exception and appeal taken. The evidence is in the record.

The appellant insists (1) that the evidence does not establish the residence of appellee, as required by §1043, *supra;* (2) that the proof of residence of appellee in the State for two years, and in the county for six months immediately preceding the filing of the petition, was not made at the trial by two witnesses who were at the time resident freeholders and householders of the State.

1. The statute (§1043, *supra*) provides that "Divorce may be decreed by the superior and circuit courts of this State, on petition filed by any person who, at the time of the filing of such petition, is and shall have been a *bona fide* resident of the State for the last two years previous to the filing of the same, and a *bona fide* resident of the county at the time of, and for at least six months immedi-ately preceding the filing of such petition; which *bona fide* residence shall be duly proven by such petitioner, to the satisfaction of the court trying the same, by at least two witnesses who are resident freeholders and householders of the State."

The burden was on appellee to make proof of her *bona fide* residence in the State for two years and a *bona fide*

residence in the county for six months immediately preced-
ing the filing of the petition by at least two freeholders and
householders of the State, and until this was done the court
had no jurisdiction to hear and determine this cause. *Pow-
ell* v. *Powell* (1876), 53 Ind. 513; *Driver* v. *Driver*
(1899), 153 Ind. 88; *Cummins* v. *Cummins* (1903), 30
Ind. App. 671.

2. It appears from the evidence that appellee came to
the State of Indiana on the 1st or 2d day of July, 1899,
and on the same date to the county of St. Joseph, and
there continuously resided until the trial of this cause in
May, 1903. Therefore, if the complaint for divorce was
filed June 15, 1901, as appellant contends, the trial court
had no jurisdiction. But if not filed until September 13,
1901, the action was not prematurely brought, and appel-
lant must fail as to this particular contention. Actions
based upon §§6977, 6978 Burns 1901, §§5132, 5133 R. S.
1881, and actions for divorce under our statute are entirely
different and separate causes of action, and as we see the
pleading in this case there was no attempt to file a petition
for divorce prior to September 13, 1901.

3. As to the second contention of appellant, it appears
that only two witnesses—Peter Kretzmer and Valentine
Krych—attempted to qualify and testify as to the residence
of appellee. On this subject Peter Kretzmer testified as
follows: "I will ask you whether you are a freeholder?
A. I am a householder. A freeholder? A. Yes, sir.
You own real estate? A. Yes, sir. Where do you live?
A. 1040 West Fisher street. South Bend, Indiana? A.
South Bend, Indiana. In what county do you live? A.
St. Joseph county. What state? A. State of Indiana.
How long have you lived in St. Joseph county, State of
Indiana? A. I have lived here it will be twenty-one years
the 18th day of May, I think; I am pretty sure. Now you
say you own real estate? A. Yes, sir. I will ask you
whether you know of property selling in the sixth ward,

near your home—know of property sales there, people buying? A. Yes, sir. You know of instances of that kind? A. Yes, sir. Do you know what property is worth up in the sixth ward? A. Yes, sir." The witness testifying as to the width of a certain lot, answered as follows: "How many feet front has it, do you know? A. I think sixty feet. I don't know exactly; fifty-five or sixty feet. It has quite a lot there. Fifty-five or sixty? A. I don't know exactly, but it is a big lot. As big as your lot? A. Bigger than mine. I have a small lot." Valentine Krych testified as follows: "You may state your name. A. Valentine Krych. Ask him where he lives. A. He is in this country now. In what county? A. St. Joseph county. State of Indiana? A. Yes, sir. You are a householder out there —you keep house, do you? A. Yes, sir. You have a wife and family there? A. Yes, sir. You own property out there, do you? A. Yes, sir. How much property do you own? A. About sixty acres. About sixty acres of real estate? A. Yes, sir. You own it in your own name? A. Yes, sir. In St. Joseph county, State of Indiana? A. Six miles from here. In what direction? A. South. Ask him how long he has lived in St. Joseph county, Indiana. A. Thirteen years."

Under our statute the satisfactory evidence required to show residence by petitioner in a divorce proceeding must be made "by at least two witnesses who are resident freeholders and householders of the State." In our opinion witnesses Kretzmer and Krych duly qualified as such witnesses. The record in this case shows that when these witnesses were giving their testimony at the trial of this cause they were at the city of South Bend; one residing in that city, the other in the country, and both in St. Joseph county, Indiana. They were both householders, Krych owning sixty acres of real estate, and by a fair interpretation of his testimony by "out there" he meant the place of his residence, which was in Indiana, six miles south of the city of South Bend. Kretz-

mer stated that he was a freeholder, and resided at 1040 West Fisher street, South Bend, Indiana. He speaks of his lot and the size of the same, evidently meaning the real estate where he resided. In the case of *Brown* v. *Brown* (1894), 138 Ind. 257, where the witness testified to his residence at "Bainbridge, Monroe township," and that he was a freeholder and householder, the court said: "If we may presume that 'Bainbridge, Monroe township,' is in Indiana, this witness was one meeting the requirements of the statute."

Finding no error in the record, the judgment of the circuit court is affirmed.