## WEST v. WEST.

[No. 5,833. Filed October 24, 1906.]

1. DIVORCE.—*Residence.*—*Jurisdiction.*—*Statutes.*—Under §1043 Burns 1901, §1031 R. S. 1881, it is necessary, in order to give the court jurisdiction to decree a divorce, that the residence of the plaintiff within the State for at least two years previous to the filing of the petition shall be established by two witnesses who are freeholders and householders of the State. p. 660.

2. SAME. — *Residence.* — *New Trial.* — *Evidence.*—*Sufficiency.*— Where the plaintiff in a divorce suit proved by one of her witnesses as to residence, that she had been a resident for two years prior to the trial, and not two years prior to the filing of her petition, the evidence is insufficient. p. 660.

From Decatur Circuit Court; *Marshall Hacker,* Judge.

Suit by Nettie West against Charles West. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Hugh Wickens* and *John E. Osborn,* for appellant.

*John W. Craig,* Prosecuting Attorney, for appellee.

COMSTOCK, P. J.—Suit for divorce. Appellee, defendant below, did not appear, and was defaulted. The prosecuting attorney appeared on behalf of the State and answered the complaint by general denial. The trial resulted in a decree in behalf of appellee. The overruling of appellant's motion for a new trial is the only error assigned,

and the only cause set out in the motion for a new trial. The cause is that the decision of the court is not sustained by sufficient evidence.

It is insisted by the prosecuting attorney that the residence of appellant is not shown as required by the statute.

1. Section 1043 Burns 1901, §1031 R. S. 1881, requires that the bona fide residence within the State of the petitioner, for at least two'years previous to the filing of the petition, shall be proved to the satisfaction of the court trying the case, by at least two witnesses who are resident freeholders and householders of the State. Said proof is a prerequisite to the jurisdiction of the court. Cummins v. Cummins (1903), 30 Ind. App. 671; Driver v. Driver (1899), 153 Ind. 88; Rosniakowski v. Rosniakowski (1904), 34 Ind. App. 128.

The evidence is in the record. It appears that two witnesses, possessing the prescribed qualifications, testified to appellant's residence. The evidence of the one

2. showed that the appellant had resided in the State for the two years previous to the filing of the petition, and the other—Doctor Burrows—after testifying that he was a freeholder and householder residing in Decatur county, Indiana, testified, so far as relates to the residence of appellant, as follows:

"Doctor, if you are acquainted with Mrs. Nettie West, you may so state to the court. A. Yes, sir; I am. If she has been a resident of the State of Indiana for the two years last past continuously, you may state to the court. A. Yes, sir; she has. You may state to the court whether she has been a resident of Decatur county during all of that time. A. Yes, sir. Do you know where she has resided for the last two years, doctor? A. Well, for the last two years she has been in Westport and here. Greensburg? A. Yes, sir. These places, Westport and Greensburg, are in this county, doctor? A. Yes, sir. And during all of that time, for the last two years, she has been a resi-

dent of this county—Decatur county—and this State? A. During all of that time. What has been her acquaintance with you, doctor—for how long? A. Well, I have known her for the past six or eight years, I think. You say you have known her for the past six or eight years? A. Yes, sir. Did you visit her here since she has been in Greensburg? A. Yes, sir; I have. I have seen her since she has been here in Greensburg and she lived a number of years in the same town I lived in—in Westport. She lived there in the same town a number of years."

He gave this testimony on February 3, 1905. The petition had then been filed a month before said date. This testimony does not show that appellant had resided in the State continuously for the last two years previous to the filing of the petition, and it was not, therefore, sufficient.

The judgment is affirmed.