RUMPING, Respondent, *v.* RUMPING, Appellant.

(No. 2,440.)

(Submitted October 11, 1907. Decided October 21, 1907.)

[91 Pac. 1057.]

*Divorce—Pleading—Residence of Plaintiff—Jurisdiction—District Courts.*

Divorce—Power of District Courts.
   1. The power to decree a divorce is purely statutory, and therefore courts have not any inherent power to dissolve marriage.

Same—Residence of Plaintiff—Complaint—Jurisdiction.
   2. The fact that plaintiff in a suit for divorce has been a resident of the state for the statutory period of one year next preceding the commencement of the suit (Civ. Code, sec. 176) must be alleged in the complaint in order to confer jurisdiction of the cause upon the trial court.

Pleadings—Complaint—Jurisdiction—Appeal.
   3. The objection that a complaint fails to allege a jurisdictional fact may be raised for the first time on appeal.

Divorce—Residence of Plaintiff—Complaint—Duty of District Courts.
   4. In divorce proceedings district courts should, under the mandate of section 176 of the Civil Code, providing that a divorce *must not* be granted unless plaintiff has been a resident of the state for one year next preceding the commencement of the action, *ex officio* inquire into the fact of plaintiff's residence—jurisdictional in its nature—and be governed accordingly.

*Appeal from District Court, Yellowstone County; Sydney Fox, Judge.*

Suit by John H. Rumping against Eva Rumping. From a decree for plaintiff, defendant appeals. Reversed and remanded.

*Mr. Edward Horsky,* for Appellant.

*Mr. O. F. Goddard,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an action for divorce, appealed from the district court of Yellowstone county. The cause of action is based on the alleged desertion of the plaintiff by the defendant. The com-

plaint fails to allege that the plaintiff has been a resident of this state for one year next preceding the commencement of the action, as required by section 176 of the Civil Code. The only pleading on the part of the defendant is an answer, in which she denies generally all of the allegations of the complaint, except those of marriage and birth of issue. The defendant failed to appear at the trial. Evidence was offered by the plaintiff, whereupon the court found all of the allegations of the complaint to be true and entered a decree dissolving the marriage. Defendant appeals.

The cause was presented to this court without argument, and we have received no assistance from the briefs of counsel; the appellant submitting the bald statement that the judgment should be reversed, and the respondent contending that it should be affirmed. The question involved is a new one in this jurisdiction, and not as easy of decision as the failure of counsel to examine the same would seem to indicate. It is also an interesting one from a lawyer's standpoint.

Section 176 of the Civil Code, *supra,* reads as follows: "A divorce must not be granted unless the plaintiff has been a resident of the state for one year next preceding the commencement of the action." If the allegation of plaintiff's residence is jurisdictional in its nature, the objection can, of course, be urged for the first time in this court.

Our research has discovered the case of *Dutcher* v. *Dutcher,* 39 Wis. 651, which appears to be authority for the action of the trial court in holding that the pleadings do not raise the issue of plaintiff's residence. The opinion is by Chief Justice Ryan, and for that reason is entitled to the respectful consideration of courts, and, viewed in the light of the rules of both common-law and code pleading, seems unanswerable on that point. The divorce statute of Wisconsin at the time read as follows: "No divorce shall be granted unless the petitioner or plaintiff shall have resided in this state one year immediately preceding the time of exhibiting the petition or complaint," etc. (Wis. Rev. Stats. 1858, Chap. 111, sec. 12.) The court said: "But the ques-

tion remains whether the pleadings raise the issue of her [plaintiff's] residence. Her want of residence under the statute is clearly a personal disability, not affecting the present right of action, but only the present right to prosecute the action, a disability which might be cured; clearly matter of abatement, not · of bar.'' Story's Equity Pleading, section 708, is then quoted as follows: ''All declinatory and dilatory pleas in equity are properly pleas, if not in abatement, at least in the nature of pleas in abatement, and therefore, in general, the objections founded thereon must be taken *ante litem contestatam* by plea, and are not available by way of answer, or at the hearing''; and 1 Chitty's Pleading, 446, as follows: ''Whenever the subject matter of the defense is that the plaintiff cannot maintain any action, at any time, whether present or future, in respect of the supposed cause of action, it may and usually must be pleaded in bar; but matter which merely defeats the present proceeding, and does not show that the plaintiff is forever concluded, should in general be pleaded in abatement.'' The court then proceeds: ''So Lord Redesdale distinguishes pleas 'that the plaintiff is not entitled to sue by reason of some personal disability,' and that 'the plaintiff has no interest in the subject, or no right to institute a suit concerning it,' from pleas in bar, and calls them pleas to the person of the plaintiff. And the distinction is not one of form merely, but of substance; for generally judgment for the defendant on pleas in abatement abates the action only; on plea in bar, bars the cause of action everywhere and forever. In the present case judgment against the respondent for want of residence within the statute should not operate to bar another action here, if she should have acquired a residence, or elsewhere, at any time or under any circumstances. ⁕ ⁕ ⁕ If certain matters in abatement are apparent in the complaint, they are ground for demurrer under the Code. But if matter in abatement, not apparent in the complaint, be relied on as a defense, it must be specially pleaded in the answer. A general denial is a plea in bar, not broader at least than the general issue at common law, and cannot raise

any defense by way of abatement. * * * Judgment for
the defendant upon a general denial is a general judgment—a
bar to all future actions for the same cause. And it would be
a cruel abuse that it should go upon a defense in abatement
concealed *in gremio.* The Code intended no such perversion of
justice. And it is well settled in this court that matter in abate-
ment, not apparent in the complaint, must, like other special
defenses, be specially pleaded in the answer. * * * · The ap-
pellant contends that the defense here is in the nature of a plea
to the jurisdiction. We do not think so, but need not discuss
the point; for, by all the authorities, the rule equally applies
to pleas to the jurisdiction, which, if not strictly pleas in abate-
ment, are in the nature of pleas in abatement. * * · * The
defense, therefore, that the respondent was not a resident of
the state, though well founded in fact, was inadmissible under
the pleadings in this case.''

However, notwithstanding the foregoing conclusion, the court
reversed the judgment on grounds of public policy, saying,
among other things: ''It concerns the public welfare that the
state should not be made a free mart of divorce for strangers,
and that, amongst her own people, divorce should not become
matter of free will as much as marriage—a personal right in-
dependent of public right and inconsistent with public welfare.
Divorces without the letter and spirit of the statute in fact, but
made to look within it by design or mistake or accident, are
frauds upon the statute and offenses against public policy. And,
it is the duty of the courts *ex officio* to look closely into ac-
tions for divorce, and to direct inquiries into the facts, when
necessary, and finally to deny all divorces which would be abuses
of the statute.'' If we found it requisite, in order to protect
the interests of the state, to reverse this case on grounds of
public policy, it would not be necessary to go beyond the decision
of this court in the case of *Bordeaux* v. *Bordeaux,* 32 Mont. 159,
80 Pac. 6, where the subject is reviewed very thoroughly in an
opinion by the present Chief Justice.

There is, however, in the books another line of cases, which hold that a failure to allege and prove the residence of the plaintiff within the statute renders the decree a mere nullity, for the reason that the court has no power to grant a divorce unless this provision of the statute is complied with. We are inclined to think this the better and more satisfactory line of authorities upon which to rest our judgment, and to hold that statutes such as ours were designed to and do abrogate any rule of pleading in conflict with the statutory prohibition. It is elementary, of course, that neither courts of law or equity have any inherent power to dissolve marriage. The power to decree a divorce is purely statutory. (*Irwin* v. *Irwin*, 3 Okla. 186, 41 Pac. 369.) When, therefore, the legislature, in conferring upon courts the jurisdiction to grant divorces, says, in the same statute, that a divorce *must not* be granted unless the plaintiff has been a resident of the state for one year next preceding the commencement of the action, we believe it meant just what it said, and that trial courts, as Chief Justice Ryan remarked, should *ex officio* inquire into the jurisdictional facts, and be governed accordingly.

In *Gredler* v. *Gredler*, 36 Fla. 372, 18 South. 762, the court said: "The complainant had wholly failed to allege in his bill, or to prove, that he had resided in this state for two years prior to the exhibition of his bill. * * * The fact of the applicant's prior residence for two years in this state was necessary both to be alleged in the bill and established by proof, before the courts were authorized to grant a divorce under our statute."

The supreme court of California, in *Bennett* v. *Bennett*, 28 Cal. 600, used this language: "But over and beyond this, residence is palpably within the mischiefs against which it was the object of the statute to guard, and therefore it must be proved. Should the judgment in this case be affirmed, the affirmance would be but a letter of invitation to the married, domiciled abroad, who have, with or without reason, became emulous of divorce, to take a trip, one, or both, to this state

for the purpose of avoiding delays, or yet more serious impediments at home, with the intention to return thereto as soon as the purpose of their coming shall have been hurried to accomplishment by the aid of an accommodation answer admitting the averment of a six months' residence on the part of the applicant. Against this prostitution of the judicial power, the statute interposes the only available barrier by requiring, as we construe it, not only that the causes of divorce should be proved to the court, but the residence of the applicant also, as the sole ground on which it can take cognizance of the question.''

In *Powell* v. *Powell,* 53 Ind. 513, it was held that, where the residence of the petitioner was not proved as required by the statute, the court had no power to decree a divorce.

Under a statute very similar in its phraseology to our own, the supreme court of Minnesota held, in *Thelen* v. *Thelen,* 75 Minn. 433, 78 N. W. 108, that the fact of the plaintiff's residence was jurisdictional, and must be alleged in the complaint.

In *Luce* v. *Luce,* 15 Wash. 608, 47 Pac. 21, the plaintiff was unable to prove his residence for the statutory period of time, and the court held that he had failed to prove a fact necessary to entitle him to any relief.

The supreme court of Texas, in *Haymond* v. *Haymond,* 74 Tex. 414, 12 S. W. 90, said: ''When the facts required to exist by our statutes are not established by the evidence, a decree of divorce should be refused.'' (See, also, *Pearce* v. *Pearce,* 132 Ala. 221, 90 Am. St. Rep. 901, 31 South. 85; *Johnson* v. *Johnson,* 95 Mo. App. 329, 68 S. W. 971; *Hopkins* v. *Hopkins,* 35 N. H. 474; 14 Cyc. 663.)

The decree entered in this case by the district court of Yellowstone county is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.