## EMENS *v.* EMENS.

[No. 6,813.    Filed May 12, 1910.]

1. DIVORCE.—*Jurisdiction.*—*Residence.*—The residence of the petitioner in a divorce case determines the jurisdiction to grant a divorce.    p. 23.

2. DIVORCE.—*Residence.*—*Witnesses.*— *Householders.*— *Evidence.*— Testimony by a witness that he owned a little real estate and was a householder and that he knew the plaintiff for five or six years, is not sufficient to show that he is a freeholder and householder of this State, nor that the petitioner had been a resident of the State for two years, or of the county for six months, immediately preceding the filing of the petition.    p. 23.

3. DIVORCE.—*Residence.*—*Evidence.*—The proof of residence of a petitioner in a divorce case must be made by at least two witnesses who are freeholders and householders of this State.    p. 24.

From Tippecanoe Circuit Court; *Richard P. De Hart,* Judge.

Suit by Albert L. Emens against Alice A. Emens. From a decree for plaintiff, defendant appeals. *Reversed.*

*John F. McHugh,* for appellant.

*Kumler & Gaylord,* for appellee.

MYERS, C. J.—In the Tippecanoe Circuit Court appellee petitioned for and obtained a decree of divorce from appellant.

The overruling of appellant's motion for a new trial is assigned as error. It is first insisted by appellant that the evidence was insufficient to show appellee's residence in Tippecanoe county, and in the State of Indiana, as required by §1066 Burns 1908, §1031 R. S. 1881. Jurisdiction of

the court to hear and determine said petition was 1. determined by the residence of the petitioner. Our statute has pointed out the proof required to establish such residence. The statute in this particular is mandatory, in that residence "shall be duly proven by such petitioner, to the satisfaction of the court trying the same, by at least two witnesses who are resident freeholders and householders of the State." Section 1066, *supra*. *Blauser* v. *Blauser* (1909), 44 Ind. App. 117.. In the case of *Driver* v. *Driver* (1899), 153 Ind. 88, it is held that "proof of the qualification of these witnesses was prerequisite to the court's jurisdiction to determine the cause." See, also, *Brown* v. *Brown* (1894), 138 Ind. 257; *Rosniakowski* v. *Rosniakowski* (1904), 34 Ind. App. 128; *Becker* v. *Becker* (1903), 160 Ind. 407. While all presumptions are to be indulged in favor of the action of the trial court, and that the necessary jurisdictional facts were found, yet where the record affirmatively shows that the residence of the petitioner was not proved by at least two witnesses possessing the qualifications required by the statute, it follows that there was no evidence to sustain an essential fact necessary to support the judgment.

Upon an examination of the evidence, it appears that only two persons attempted to qualify as witnesses to prove the residence of the petitioner. One of these witnesses, 2. as disclosed by the record, was not asked a single question, but testified as follows: "I own a little real estate, and I am a householder. I have known this man for five or six years." This testimony would not justify the inference that such witness was a freeholder and householder of this State, nor that appellee had been a *bona fide* resident of this State continuously for the last two years previous to the filing of said petition, or that at the time of, and for at least six months immediately preceding, the filing of said petition such petitioner was a *bona fide* resident of

Tippecanoe county.  *West* v. *West* (1906), 38 Ind. App. 659. If it could be said that such residence was otherwise proved to the satisfaction of the court trying that question, it does not appear that such proof was made by witnesses qualified to prove residence, as required by §1066, *supra*.

The judgment is therefore reversed, with instructions to sustain appellant's motion for a new trial.