## CANTHER v. CANTHER.

[No. 6,798. Filed May 18, 1910. Petition for rehearing withdrawn November 22, 1910.]

1. DIVORCE.—*Residence.*—*Complaint.*—A complaint for divorce that fails to set out, as required by statute (§1066 Burns 1908, §1031 R. S. 1881), that the plaintiff has been a resident of the State for the last two years, and of the county for the last six months, is bad. p. 505.

2. DIVORCE.—*Residence.*—*Witnesses.*—*Evidence.*—The residence of the plaintiff in a divorce suit must be established by at least two resident freeholders and householders of the State. p. 506.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Suit by Laura C. Canther against William H. Canther. From a decree for plaintiff, defendant appeals. *Reversed.*

*Haag & Stewart* and *Robert J. Loveland,* for appellant.
*Ethan T. Reasoner* and *Albert Ward,* for appellee.

WATSON, J.—This is a suit by appellee for divorce and alimony. She alleges, in her complaint, cruel treatment by appellant. A demurrer to the complaint was overruled, and an answer filed in general denial, also a cross-complaint in one paragraph. An amended complaint was filed by appellee, which was withdrawn, and a second amended complaint filed, to which a demurrer was filed and overruled, and thereupon appellant answered in two paragraphs. A demurrer to the second paragraph of answer was overruled, and appellee replied in two paragraphs. A demurrer to

the second paragraph of reply was sustained. A demurrer to the cross-complaint was overruled and answer filed. Proper exceptions were taken to the rulings on the several demurrers. The cause was submitted to the court, and a finding returned for plaintiff, granting her a divorce, and alimony in the sum of $800, also the possession of certain personal property. It was also ordered that defendant take nothing by his cross-complaint.

The motion for a new trial was overruled, and an appeal granted to this court. The errors assigned are: (1) The court erred in overruling the demurrer of appellant to the last amended complaint of appellee; (2) the court erred in overruling appellant's motion for a new trial.

The complaint is insufficient, in that it fails to aver the statutory requirements as to the residence of appellee. Whether this defect is properly challenged, it is unnecessary for us to decide, for the reason that we are compelled to reverse this case on the second error assigned.

The statute (§1066 Burns 1908, §1031 R. S. 1881) provides that the party applying for a divorce shall allege that he has been a *bona fide* resident of the State for at least two years prior to the filing of the complaint, and a *bona fide* resident of the county for at least six months immediately preceding the filing thereof, "which *bona fide* residence shall be duly proven by such petitioner, to the satisfaction of the court trying the same, by at least two witnesses who are resident freeholders and householders of the State." *Rosniakowski* v. *Rosniakowski* (1904), 34 Ind. App. 128; *Blouser* v. *Blouser* (1909), 44 Ind. App. 117; *Driver* v. *Driver* (1899), 153 Ind. 88; *Becker* v. *Becker* (1903), 160 Ind. 407; *Emens* v. *Emens* (1910), *ante*, 22; *Rumping* v. *Rumping* (1907), 36 Mont. 39, 91 Pac. 1057, 12 L. R. A. (N. S.) 1197 and notes on page 1200.

The court said in the case of *Driver* v. *Driver, supra:*

"Proof of the qualification of these witnesses was prerequisite to the court's jurisdiction to determine the cause." We find, on examination of the record, that it does not appear that proof was made by qualified witnesses, as required by §1066, *supra*.

Judgment reversed, with instructions to sustain the motion for a new trial, and with leave of parties to amend their pleadings.