## Staunton

### JOHNSTON v. JOHNSTON.

September 7, 1914.

1. EVIDENCE — *Divorce — Depositions — Retaking — When Refused.*— Where depositions in a divorce suit were taken before a justice instead of before a commissioner in chancery as required by section 2260 of the Code, it is not error to refuse to permit them to be retaken before such commissioner where it clearly appears that they could not affect the results of the litigation.

Appeal from a decree of the Circuit Court of Giles county.    Decree for the defendant.    Complainant appeals.

*Affirmed.*

The opinion states the case.

*Hugh G. Woods,* for the appellant.

*W. B. Snidow,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

The bill in this case was filed by the appellee against the appellant to obtain a divorce on the ground of desertion; and from a decree granting the divorce this appeal was allowed.

There are only two assignments of error.

1.   That the court erred in overruling the demurrer to the bill, there being no allegation that one of the parties had been domiciled in the State for at least one year preceding the commencement of the suit. Code, sec. 2259.

We need not stop to consider the question raised, that this objection must be made by plea in abatement and not by demurrer, since the bill alleges the jurisdictional facts required by the statute, and the evidence sustains the averment.

2.   That the court erred in refusing to permit the defendant to retake her depositions which had been suppressed because taken before a justice of the peace in violation of the Code, sec. 2260, which provides that all depositions in suits for divorce, when taken in this State, shall be before a commissioner in chancery.

It affirmatively appears that the acts of infidelity attributed to the husband, and sought to be proved by the suppressed depositions, were known to the wife and occurred long before the marital relations between the parties were broken off.   And hence, if these charges were true, which is strenuously denied, the offenses had been condoned.   It would have been a vain thing, therefore, for the circuit court to have delayed the trial to allow depositions to be retaken which could not affect the result of the litigation.

The charge of desertion was fully established, and the justification set up in the answer was not attempted to be proved, though the party to the alleged offense resided in the immediate neighborhood.

The decree of the circuit court must be affirmed.

*Affirmed.*