(No. 2068.   January 21, 1918.)

KLASNER v. KLASNER.

SYLLABUS BY THE COURT.

1. Assignments of error, not discussed in appellant's brief, will not be considered and passed upon by the Supreme Court; when such assignments are not argued they are deemed to have been waived.          P. 629

2. An allegation in a complaint for divorce that the plaintiff is now, and has been for one year prior to filing his complaint, a resident of "Curry county, state of New Mexico," is sufficient, as the allegation that he was such a resident for the period stated necessarily implied residence in "good faith."          P. 629

3. An allegation in a complaint for divorce "that plaintiff is, and has been for one year next preceding the filing of this amended complaint, a resident, etc., of the state," is sufficient. The amended complaint supersedes and supplants the original complaint, and such an allegation does not contravene the spirit of the statute which requires the plaintiff to allege and prove that he has been an actual resident of the state for one year next preceding the filing of his complaint.          P. 630

4. The allowance of trial amendments are within the discretion of the trial court, and, where such discretion is not abused, the refusal to allow such an amendment will not warrant a reversal of the judgment of the lower court.          P. 631

5. Where the trial court finds all the facts within the issues presented by the pleadings, it cannot be required to find facts not so presented.    P. 633

6. Section 2773, Code 1915, makes the "conviction for a felony and imprisonment therefor, in the penitentiary, subsequent to marriage," cause for divorce. Where a wife has been convicted of a felony, and presents to the warden of the penitentiary a commitment, issued by competent authority under such conviction, and such commitment is received by the warden and the convict is directed to go to the office of the Governor of the state and she does so, and such Governor issues to her a conditional pardon, such wife was "imprisoned in the penitentiary," as she was, from the time she delivered the commitment until she received the pardon from the Governor, in the custody of the warden, under such commitment, and was "imprisoned." Imprisonment is the deprivation of the liberty of another without his consent.    P. 633

Appeal from District Court, Curry County; Richardson, Judge.

Action for divorce by Joseph A. Klasner against Lillie C. Klasner. Decree for plaintiff, requiring the payment of alimony and ordering equal division of community property, and defendant appeals. Affirmed.

U. S. Bateman and J. C. Gilbert, both of Roswell, for appellant. L. O. Fullen, of Roswell, for appellee.

### OPINION OF THE COURT.

ROBERTS, J.    Appellee was granted a divorce from appellant by decree of the district court of Curry county, which decree required appellee to pay appellant a stated sum of money as alimony. The court found that all the property owned by either of said parties was community property, and directed that the same should be divided equally. From the judgment and decree appellant, Lillie C. Klasner, appealed and has assigned16 grounds of alleged error.

[1] The first, fifth, sixth, eighth, tenth, eleventh, twelfth, fourteenth, fifteenth and sixteenth assignments need not be discussed, for one or the other of the following reasons: First. A portion of the assignments are not discussed in appellant's brief; the points raised by the assignments simply being stated without any attempt at discussion or citation of authorities, and it has frequently been held by both the state and territorial Supreme Courts that assignments of error, not argued by counsel in their brief, will not be considered and passed upon by this court; that when such assignments are not argued they are deemed to have been waived. Brobst v. El Paso & S. W. Co., 19 N. M. 609, 145 Pac. 258; Riverside S. & C. Co. v. Hardwick, 16 N. M. 479, 120 Pac. 323; A. & C. R. R. Co. v. D. & R. G. R. R. Co., 16 N. M. 281, 117 Pac. 730; McRae & Gregory v. Cassan, 15 N. M. 496, 110 Pac. 574. Second. The points raised by some of the assignments of error are disposed of by what is hereafter said under assignments discussed.

[2] The first point requiring consideration is directed to the allegation of residence of the plaintiff in his first amended complaint. He alleged:

"That he is now, and has been for more than one year prior to the filing of this amended complaint, a resident of Curry county, state of New Mexico."

The objection to the complaint was not taken by demurrer, but was raised, for the first time, upon the trial by objection to the introduction of testimony. Appellant then contended that this allegation was insufficient upon two grounds: (1) That it did not allege that the residence was "in good faith;" and (2) that it did not show that appellee had resided in the state of New Mexico for more than one year prior to the filing of his original complaint.

As to the first objection, it is sufficient to say that appellee alleged that he was and had been for the required time "a resident of Curry county, state of New Mexico." If the residence was not in good faith, clearly he would not have been, for such time, a resi-

dent, and the allegation that he was such a resident
for the period stated necessarily implied residence in
good faith, and measured up to the requirements of
the statute. Flynn v. Flynn, 171 Cal. 746, 154 Pac.
837.

[3] As to the second objection, the statute (section
2776, Code 1915) requires that the plaintiff in any ac-
tion for a dissolution of the bonds of matrimony must
have been an actual resident, in good faith, of the
state for one year next preceding the filing of his or
her complaint. The amended complaint alleged that
appellee had been a resident of the state for the re-
quired length of time preceding the filing of the
amended complaint. The original complaint is not
incorporated in the record. The statute (section 4171,
Code 1915) requires the plaintiff to set forth in his
amended complaint his entire cause of action, and we
held in Albright v Albright, 21 N. M. 606, 157 Pac.
662, that all matters set forth in the original pleading,
not carried forward into the amended pleading, were
abandoned. In other words, the amended complaint
must state plaintiff's entire cause of action, and it
necessarily supersedes and supplants the original com-
plaint. This being true, the allegation that the plain-
tiff was, and had been for one year next preceding the
filing of the amended complaint, a resident, etc., of
the state, was sufficient, and was the proper allega-
tion. A similar question was raised in the case of
Dunlop, v. Dunlop, 60 Tex. Civ. App. 389, 130 S. W.
715. The court said:

"In other words, for the purpose now under consideration,
we are of the opinion that the filing of the amended petition
should be considered as 'the filing of the suit,' within the
purview of the statute. The plaintiff could have dismissed
the case, and on the same day filed and maintained another
suit containing the same averment as to residence that was
contained in his amended petition. As he had the right to
pursue that course, we do not think the spirit of the statute
was contravened by permitting him to reach the same re-
sult by filing an amended original petition in the suit then
pending."

See, also, to the same effect Michael v. Michael, 34

Tex. Civ. App. 630, 79 S. W. 74; Rosniakowski v. Rosniakowski, 34 Ind. App. 128, 72 N. E. 485.

What has been said disposes of appellant's contention that the proof of plaintiff's established residence was not sufficient. He testified that at the time of the trial he was residing in Clovis, Curry county, N. M., and that he had been so residing there for more than a year prior to the filing of his amended complaint. Counsel for appellant did not elect to cross-examine appellee relative to his residence, but remained silent in regard thereto until the conclusion of the trial, when, for the first time, he suggested the insufficiency of the proof in this regard.

The evidence in the record shows that appellant and appellee were married in the state of Texas and came to New Mexico many years ago and settled in Lincoln county, where they had a ranch and some cattle and horses. For the past few years appellee had been engaged in railroading. Proof of his residence, we think, was sufficient to warrant the finding by the court that he had been a resident of this state for the required time.

[4] Assignments of error 3 and 4 are directed to the action of the court in refusing to permit counsel for appellant to interrogate appellee on cross-examination as to the amount of cash he had on hand at the time of the trial, and to the action of the court in refusing to permit appellant to amend her answer so as to allege that appellee had on hand a large amount of cash. The court was justified in sustaining the objection to the question, because no such issue was presented by the pleadings. Hence the only question is as to whether the court was in error in refusing to permit appellant to amend her answer. The issues in the case had been made up fully six months before the trial of the cause, and appellant offered no excuse for her failure to raise the issue in her original answer. So far as appears from the record, she had full knowledge at that time of the facts which she desired to incorporate in the trial amendment. The allowance of trial amendments are within the discre-

tion of the court below, and, where such discretion is not abused, the refusal to allow such amendments will not warrant a reversal of the judgment of the lower court. 31 Cyc. 368; Savings Bank v. Woodruff, 14 N. M. 502, 94 Pac. 957; First National Bank v. Speed, 15 N. M. 1, 99 Pac. 696, 27 L. R. A. (N. S.) 420.

In appellee's complaint he set out in detail the community property. Appellant, in her answer, contented herself with a denial that the property set forth in the complaint was community property, and did not seek to raise any issue as to any other property save that mentioned in the complaint.

For the foregoing reasons we think the court did not abuse its discretion in refusing to permit the appellant to amend her answer at the time requested.

In connection with this assignment, appellant refers to the fact that the court decreed that all of the property mentioned in the complaint was community property; whereas the evidence shows that some few of the horses were the separate property of appellant. In this connection it is sufficient to say that appellant testified, by deposition, that she had no property of any kind "at the present time." It was her contention that she had transferred to her brother all the property owned by either herself or the community. If it be true that she had separate property and that it was conveyed to her brother prior to the decree of the court, such property would not be bound by the decree in the present case.

It is next argued that the court erred in refusing the motion of appellant to make R. A. Casey a party defendant. This motion was made after all the evidence in the case was before the court, and appellant claims that the proof showed that she had conveyed her separate property to her brother, R. A. Casey, and had given him a lien on certain of the community property. Casey's right to the property, however, was not affected by the decree entered in the case. If appellant had conveyed to him any of her separate property, he would hold this, unaffected by the judgment herein, and, if such lien as he had against the

community property was a legal lien upon the same, it would not be affected by the decree.

It is next urged that the court committed error in refusing appellant's motion for leave to testify, by deposition, in rebuttal of the testimony of appellee of and concerning the cattle and live stock in question. Appellant was not present at the trial, but testified by deposition. In her deposition she testified fully on the subject of the ownership of the property, and stated that she had disposed of all her personal property and the community property at well. She also testified that she was the owner of, or had the absolute dominion and control over, said property, with the right of disposition. In view of her testimony and her sweeping denials, the court did not abuse its discretion in refusing to grant the motion.

[5] At the conclusion of the testimony appellant's counsel moved the court to find facts upon which the judgment of divorce might be predicated, and further moved the court to find what stock, if any, was owned and—

"that belonged to the community estate of the plaintiff and the defendant, or ever did belong to the community estate of plaintiff and defendant, and what stock was owned and that belonged or ever did belong to the separate estate of the defendant."

The court found the facts upon which it predicated its judgment for decreeing a divorce, and also found that all the property owned by the parties, set out in the complaint, was community property. This is all the court was required to find under the issues. Certainly the court was not properly required to find what property might have belonged to the community or the separate parties during the whole period of the marriage relation, as he was requested to do by appellant. There is no merit in the alleged error predicated upon his refusal to do so.

[6] The thirteenth assignment of error is to the effect that the court erred in finding that the appellant was convicted of a felony and imprisoned therefor in the penitentiary of the state of New Mexico

subsequent to the marriage of appellee and appellant, because such finding is not supported by the proof, but is contrary to the proof. The fourteenth assignment of error also raises the same question. The statute (section 2773, Code 1915) makes "the conviction for a felony and imprisonment therefor, in the penitentiary, subsequent to marriage," cause for divorce. That appellant was convicted of a felony in the district court of Lincoln county, this state, and that such judgment of conviction was affirmed by the Supreme Court, is conceded by appellant. She contends that she was not, however, "imprisoned in the penitentiary." The facts are these: After the judgment was entered in the Supreme Court, affirming the judgment of the district court of Lincoln county sentencing appellant to serve a term in the state penitentiary, she came to Santa Fe with her sister, Mrs. Moore. The two ladies called at the office of the clerk of the Supreme Court and secured from the clerk a commitment issued upon such judgment. Thereupon the ladies visited the office of the then Governor, Hon. William C. McDonald, and solicited from him a pardon. He stated to Mrs. Klasner that he would give her a conditional pardon, conditioned upon her leaving the state and remaining forever without its confines; that he would issue such pardon after she had delivered the commitment to the warden of the state penitentiary, and directed her to go with her sisted to the state penitentiary and deliver the commitment to Mr. McManus, the warden, and advised her that he would telephone the warden to send her back to his office after she had delivered the commitment, whereupon he would deliver to her the pardon. In compliance with such instructions, Mrs. Moore and Mrs. Klasner went to the penitentiary, entered the office, and delivered the commitment to Mr. R. L. Ormsbee, a clerk in charge of the office. The Governor in the meantime had telephoned Mr. McManus as he had agreed with Mrs. Klasner he would do, and Mr. McManus had informed Mr. Ormsbee that upon the presentation of the commitment he should direct

Mrs. Klasner to return to the Governor's office. Acting upon such instructions, Mr. Ormsbee received the commitment and directed Mrs. Klasner to return to the city of Santa Fe, in pursuance of the agreement. She returned to the Governor's office and he delivered to her the conditional pardon. At the penitentiary the clerk entered Mrs. Klasner's name on the prison record and gave her a number. Both the warden and the clerk testified that, had it not been for the instructions received from the Governor, Mrs. Klasner would have been clothed in prison garb and confined in the penitentiary. It is the contention of appellee that Mrs. Klasner was a prisoner in the penitnetiary, both in fact and in law. No case directly in point is cited by either party. Imprisonment is the deprivation of the liberty of another without his consent. 2 Kent Com. 26. In Rich v. Bailey, 123 Ky. 827, 97 S. W. 747, it is said:

"Any detention of a person by another with force or against the will of the one detained is imprisonment in law, and, where it is without right, it is unlawful."

See, also, U. S. v. Mitchell (C. C.) 163 Fed. 1016; Coman v. Storn, 26 How. Prac. (N. Y.) 84.

When Mrs. Klasner delivered the commitment to the warden of the penitentiary, she surrendered herself and became a prisoner. The fact that she was not physically placed within the walls of the penitentiary is of no moment. From the time she delivered the commitment until she received the conditional pardon from the Governor she was under the control of the warden of the penitentiary and was restrained of her liberty. Suppose, for example, that a convict, upon presenting to the warden of the penitentiary a commitment for one year's imprisonment, is immediately sent by the warden with other prisoners to do road-work within the state, and during the entire year he should be kept at such work, could it be said that such prisoner had never been confined in the state penitentiary within the meaning of the statute? Assuredly not.

Causes for divorce are statutory, and the Legislature, without limitation as to the length of the imprisonment in the state penitentiary, has said that conviction for a felony and imprisonment therefor in the penitentiary is sufficient ground for a divorce. The only question for the court to determine is whether or not the conviction and imprisonment actually existed. We think it did, and for that reason find no merit in this assignment.

For the reasons stated, the judgment of the court below will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.