# Staunton.

## BLANKENSHIP V. BLANKENSHIP.

September 17, 1919.

1. DIVORCE—*Jurisdiction—Domicile of Parties.*—By section 2259 of the Code of 1904, it is provided that: "No suit for annulling a marriage or for divorce shall be maintainable, unless one of the parties has been domiciled in this State for at least one year preceding the commencement of the suit." Under this statute no court in the State has any jurisdiction of a suit for annulling a marriage or for divorce unless one of the parties had been domiciled in the State for at least one year preceding the commencement of the suit. A bill for divorce should contain an allegation of this jurisdictional fact and the proof in the record should show affirmatively that such jurisdictional fact exists.

2. DIVORCE—*Jurisdiction Purely Statutory.*—Neither courts of law nor equity have any inherent power to dissolve marriage. The power to decree a divorce is purely statutory.

3. DIVORCE—*Jurisdiction—Domicile—Plea in Abatement.* — Section 3260 of the Code of 1904 provides that when the declaration or bill shows on its face proper matter for the jurisdiction of the court no exception for want of such jurisdiction shall be allowed unless taken by plea in abatement. But since no court in Virginia has any jurisdiction of a divorce cause unless one of the parties has been domiciled in the State for at least one year before the commencement of the suit, a bill, which does not even allege that one of the parties has been so domiciled, does not show on its face proper matter for the jurisdiction of the court, and even if the bill had so alleged, that would not have given a court jurisdiction unless the allegation was sustained by proof of the fact.

4. DIVORCE—*Jurisdiction—Domicile—Plea in Abatement.*—The defense of the absence of the jurisdictional fact that one of the parties has been domiciled in the State for a year preceding the commencement of the suit is not a matter of abatement of the suit, but is in its nature a bar to the suit. Hence section 3260, Code of 1904, is inapplicable, so that such defense need not be pleaded in abatement, and may be pleaded in bar; and even if not pleaded in bar, the court may and should, for

the reason of public policy, dismiss the suit at the hearing of the cause on the merits, unless the existence of such fact affirmatively appears from the proof in the record. Such is the power and duty of the court in such cases, because it does not therein exercise a general jurisdiction, but only a limited statutory jurisdiction.

5.    JURISDICTION—*Presumption of Jurisdiction—General and Limited Jurisdiction.*—While it is true that where a court of general jurisdiction has before it the proper parties and the subject-matter is of such nature that it would have general jurisdiction of the cause, if it had territorial jurisdiction thereof, such territorial jurisdiction (along with the other matters essential to the general jurisdiction of a court) will, in the absence of proper pleading and proof disclosing the contrary, be presumed to exist, although they do not affirmatively appear from the record, that is not true where the court is acting in the exercise of a special statutory authority. In such case the territorial jurisdiction will not be presumed, but must be made to affirmatively appear from the record; otherwise any decree the court may enter will be void for lack of jurisdiction to enter it.

Appeal from a decree of the Circuit Court of Giles county. Decree for plaintiff. Defendant appeals.

*Reversed.*

This is a suit for divorce in which there is an original and an amended bill, neither of which contains any allegation that one of the parties had been domiciled in the State for at least one year preceding the commencement of the suit.

The defendant—the wife—was brought personally before the court by process duly served upon her to answer the original bill. She did not plead in abatement to the jurisdiction of the court, but at term demurred to the original bill and also filed her answer thereto. Subsequently, also at term, on the filing of the amended bill by leave of court, the defendant did not plead in abatement, but entered an

appearance and demurred to and answered the amended bill.

The decrees under review are silent as to the demurrer to the original bill, but the demurrer to the amended bill is expressly overruled by one of such decrees.

There was evidence introduced in the cause both for plaintiff and defendant, but there is no proof in the record that either the plaintiff or the defendant had "been domiciled in the State for at least one year preceding the commencement of the suit."

The final decree in the case which is under review granted an absolute divorce to the plaintiff with leave to either party to marry again and awarded costs against the defendant.

Further facts in reference to the allegations of the original and amended bills will appear in the opinion of the court.

*W. B. Snidow,* for the appellant.

*Williams & Farrier,* for the appellee.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The assignments of error raise a number of questions, but, since in our view of the case the court below had no jurisdiction to enter any decree in the cause, it will be unnecessary for us to pass upon any other questions than those concerning the jurisdiction of the court, save one, which will be adverted to below.

[1]    1. Section 2259 of the Code, so far as material in the cause before us, provides as follows:

"No suit for annulling a marriage or for divorce shall be maintainable unless one of the parties has been domi-

ciled in this State for at least one year preceding the commencement of the suit;  *  *  *."

In view of this statutory provision, neither the court below nor any other court in the State had any jurisdiction of the cause before us unless one of the parties had been domiciled in this State for at least one year preceding the commencement of the suit.

As said in the opinion of the court in the case of *Rumping* v. *Rumping*, 36 Mont. 39, 91 Pac. 1057, 12 L. R. A. (N. S.) 1197, at p. 1260, 12 Ann. Cas. 1090, quoting with approval from the case of *Dutcher* v. *Dutcher*, 39 Wis. 651: " 'It concerns the public welfare that the State should not be made a free mart of divorce for strangers, and that, amongst her people, divorce should not become matter of free will  *  *  *  a personal right independent of public right and inconsistent with public welfare. Divorces without the letter and spirit of the statute in fact, but made to look within it by design, or mistake, or accident, are frauds upon the statute and offenses against public policy. And it is the duty of the courts  *  *  *  to look closely into actions for divorce  *  *  *.' "

[2]    As further said in the opinion of the court in the case of *Rumping* v. *Rumping, supra:* "It is elementary, of course, that neither courts of law nor equity have any inherent power to dissolve marriage. The power to decree a divorce is purely statutory. *Irwin* v. *Irwin*, 3 Okla. 186. 41 Pac. 369. When, therefore, the legislature, in conferring upon courts the jurisdiction to grant divorces, says, in the same statute, that a divorce must not be granted unless the plaintiff has been a resident of the State for one year next preceding the commencement of the action, we believe it meant just what it said  *  *  *. In *Gredler* v. *Gredler*, 36 Fla. 372, 18 So. 762, the court said: 'The complainant had wholly failed to allege in his bill, or to prove, that he had resided in this State for two years prior to the

exhibition of his bill.  *  *  *  The fact of the appellant's prior residence for two years in this State was necessary both to be alleged in the bill and established by proof, before the courts were authorized to grant a divorce under our statute.'  *  *  *  Under a statute very similar in its phraseology to our own, the Supreme Court of Minnesota held in *Thelan* v. *Thelan,* 75 Minn. 433, 78 N. W. 108, that the fact of the plaintiff's residence was jurisdictional and must be alleged in the complaint."

The statute of Montana (Civ. Code, §176) involved in the case of *Rumping* v. *Rumping* is similar to the Virginia statute above quoted, and is as follows: "A divorce must not be granted unless the plaintiff has been a resident of the State for one year next preceding the commencement of the action." Many of the other States have similar statutes under which the holding is well-nigh universal that it is essential to the jurisdiction of the court that the bill for a divorce should allege "the prerequisite jurisdictional facts as to residence required by the statute." See note to said case of *Rumping* v. *Rumping,* 12 L. R. A. (N. S.), pp. 1197 to 1200.

As said in Hogg's Eq. Principles, sec. 498, p. 666: "The bill in a suit for divorce should allege the jurisdictional fact with reference to the residence of the parties.

"With us it should aver that the plaintiff and the defendant (or one of them) has resided in the State one year next preceding the time of bringing the suit.  *  *  *  In short, enough must appear on the face of the bill to show a right to bring the suit. A decree will be withheld, even though no demurrer has been interposed, unless a right to exhibit the bill appears."

No authority is cited for the defendant counter to the general proposition that a bill for divorce should contain the jurisdictional allegations aforesaid and that the proof in the record must show affirmatively that such jurisdic-

tional fact exists. But it is contended in behalf of the defendant that in Virginia, under section 3260 of the Code, the objection before us can be made only by plea in abatement and could not be made by demurrer or upon a hearing on the merits.

This raises a question which is unsettled in this State. It was mentioned in the case of *Johnston* v. *Johnston,* 116 Va. 678, 82 S. E. 694, but not involved or passed upon therein.

[3]    Section 3260, aforesaid, so far as material, is as follows:

"When the declaration or bill shows on its face proper matter for the jurisdiction of the court, no exception for want of such jurisdiction shall be allowed unless taken by plea in abatement   *   *   *."

Does either the original or amended bill in the cause before us show "on its face proper matter for the jurisdiction of the court?"

As is said by this court in the case of *Moore* v. *N. & W. Ry. Co.,* 124 Va. 628, 98 S. E., at p. 637: "The proper matter for the jurisdiction of the court mentioned in section 3260, aforesaid, has reference to subject matter over which the court has territorial jurisdiction, and the 'jurisdiction' referred to is the territorial jurisdiction of the court over such subject matter   *   *   *."

Now, since, as above stated, no court in the State had any jurisdiction of the cause before us unless one of the parties had been domiciled in this State for at least one year next preceding the commencement of the suit, it is manifest that the bills, which do not even allege that one of the parties had been so domiciled (see statement preceding this opinion), do not show on their face "proper matter" for the "jurisdiction" of the court. And even if the bills had so alleged, that would not have given the court jurisdic-

tion unless the allegation was sustained by proof of the fact.

This is not such a cause that the court below or some court of the State would have had general jurisdiction of it under section 3058 of the Code. It is not a case which involves merely the venue of the suit within the State, in which the right to a particular place of trial therein is a privilege merely which may be waived by the defendant. Doubtless, for reasons of public policy indicated in the quotations from the authorities above made, the State has not left any of its courts clothed with such jurisdiction of divorce suits, that if the bill should allege the existence of facts giving territorial jurisdiction, a failure of the defendant to object to the jurisdiction of the court by plea in abatement would have the effect of shutting off any enquiry in the cause on the subject of the court's jurisdiction. For if such was our procedure in divorce suits it is obvious that our statutory requirement as to antecedent domicile might, and in many cases would, be set at naught by the mere failure of the defendant to plead in abatement. And while we have no idea that there was in fact any attempted fraud upon the jurisdiction of the court in the cause before us, a holding that the failure of the defendant to plead in abatement in such cause would bar the latter from objecting to the jurisdiction of the court, and would bar the court from any enquiry and decision upon the question of jurisdiction, would set a precedent which would open wide the door to fraud upon the jurisdiction of the courts of the State and would make it another resort for those who are impatient of delay in the throwing off and eager to be rid of their marriage ties; which would bring about the very mischiefs which our statutory requirement as to domicile in cases of suits for divorce was meant to obviate. Thus would the statute itself be rendered nugatory in this important particular.

76

[4, 5]    The defense of the absence of the jurisdictional fact aforesaid is not a matter of abatement of the suit, but is in its nature a bar to the suit.    Hence, section 3260, aforesaid, is inapplicable, so that such defense need not be pleaded in abatement and may be pleaded in bar; and even if not pleaded in bar, the court may and should, for the reason of public policy, above indicated, dismiss the suit at the hearing of the cause on the merits unless the existence of such fact affirmatively appears from the proof in the record.    Such is the power and duty of the court in such cases because it does not therein exercise a general jurisdiction, but only a limited statutory jurisdiction.    For while it is true that where a court of general jurisdiction has before it the proper parties and the subject matter is of such nature that it would have general jurisdiction of the cause, if it had territorial jurisdiction thereof, such territorial jurisdiction (along with the other matters essential to the general jurisdiction of a court) will, in the absence of proper pleading and proof disclosing the contrary, be presumed to exist, although they do not affirmatively appear from the record; that is not true where the court is acting in the exercise of a special statutory authority.    In such case the territorial jurisdiction will not be presumed, but must be made to affirmatively appear from the record; otherwise, as is well settled, any decree the court may enter will be void for lack of jurisdiction to enter it. *Pulaski County* v. *Stuart, Buchanan & Co.*, 69 Va. (28 Gratt.) 872; *Galpin* v. *Page*, 18 Wall. 359, 21 L. Ed. 959; *Coleman* v. *Va. Stave Co.*, 112 Va. 61, 75, 70 S. E. 545.

It follows from what we have said above that we are of opinion that the demurrer to the original and amended bills should have been sustained by the court below.

2. With respect to the action of the court below on the merits of the case:    As set forth in the statement preceding this opinion, there is no evidence in the record showing

that either the plaintiff or defendant were domiciled in this State for as long as one year next preceding the commencement of this suit. The court, therefore, had no jurisdiction of the cause even if the bills had not been defective in allegation in this particular, and the court should have dismissed the case on the hearing upon the merits.

For the foregoing reasons, the case must be reversed, and we will enter a decree dismissing this suit with costs against the appellee, without prejudice, however, to his right, should he be so advised, to institute a new suit for divorce upon the same cause of action as that alleged in his amended bill aforesaid.

*Reversed.*