## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Charles Kester Overby

v.

Alice Holder Overby

July 28, 1970

By JUDGE A. CHRISTIAN COMPTON

The defendant, through her Guardian *ad litem*, has raised three issues in urging that the plaintiff is not entitled to a divorce from the bond of matrimony considering the present state of the pleadings and the evidence in this suit. First, it is asserted that there is a variance between the pleadings and the proof concerning the venue of this suit. Second, it is urged that the two letters purportedly written by the defendant to the plaintiff and offered as exhibits are not admissible as evidence in this suit; and, third, that the evidence is insufficient and lacks sufficient corroboration to prove the ground of divorce alleged.

The Court holds that the defendant's position is well taken as to the first and third grounds above stated but is not well taken as to the second ground.

As to the first ground, the proof fails to show that the parties last cohabited as man and wife in the City of Richmond, Virginia, as alleged in the Bill. The evidence does support the fact that at the commencement of this suit the defendant was a resident of the City of Richmond, but the Bill of Complaint fails to allege that ground of venue. This is a material variance between the pleading

and the proof and renders the Bill of Complaint defective in this respect. That being the case, the plaintiff may amend his Bill of Complaint and may adopt all prior proceedings, if he so desires, making it unnecessary to retake the depositions presently in the file. As to the proposition that a bill for divorce should contain the jurisdictional allegations and that the proof in the record must show affirmatively that such jurisdictional fact exists, see *Blankenship* v. *Blankenship*, 125 Va. 595 (1919).

As to whether or not the letters in question are admissible in evidence and upon the question of whether or not they may be treated as corroborating evidence, the case of *Holt* v. *Holt*, 174 Va. 120, 130-131 (1939), disposes of this question in a manner favorable to the plaintiff. The testimony of the plaintiff's parents is sufficient to prove the genuineness of the letters. The statements therein are admissions of the defendant and may be properly received in evidence as an exception to the hearsay rule. There is no suggestion that they were written by collusion for the purpose of obtaining a divorce, and therefore they meet the test discussed in *Holt* and are received in evidence for the purpose of proving or as tending to prove the facts alleged in the Bill of Complaint.

Upon the third issue raised by the defendant, it should be remembered that the ground upon which this divorce is sought is, "Where, at the time of the marriage, the wife *without the knowledge of the husband* was with child by some person other than the husband." Code Section 20-91(7) [Emphasis supplied] The plaintiff has not testified in this suit. The evidence at this stage consists of the testimony of the plaintiff's parents and the exhibits referred to above. While the testimony of both parents tends to show that the plaintiff was without the knowledge that the defendant was with child by some person other than the husband, such knowledge should be the subject of testimony by the plaintiff himself since he is the only one who is able to positively testify as to what was in his mind at any particular material time. Since counsel stated to the Court during oral argument upon these issues that the plaintiff is now available in this area to give his testimony, the Court is of the opinion that he should testify upon the merits of this suit, and

in particular as to his knowledge relating to his wife's condition at the time of their marriage.

In view of what has been said above, the Court will again consider the entry of the final decree in favor of the plaintiff after the Bill of Complaint has been amended to cure the defect as to venue and after the supplemental depositions of the plaintiff have been taken.