# CIRCUIT COURT OF THE CITY OF RICHMOND

Sprouse

v.

Sprouse

June 29, 1976

Case No. D-9182

By JUDGE ALEX H. SANDS, JR.

In reviewing this file preparatory to entering sketch for final decree, it appears that the bill of complaint alleges, as the *sole* ground for venue, that the parties last cohabited as husband and wife in the City of Richmond.

This allegation is not, however, supported by the depositions from which it appears that the parties last cohabited in Chesterfield County.

This development, of course, left the bill of complaint with no supportable ground of venue alleged therein. The effect is exactly the same as if the bill of complaint had failed to allege *any* ground of venue.

Counsel attempted to cure this by establishing venue based upon a different ground (i.e., that plaintiff was a resident of Richmond and defendant's whereabouts was unknown at the time of institution of suit) at the time of the taking of depositions. That this cannot be done is clearly held in *Blankenship v. Blankenship*, 125 Va. 595 (1919). The depositions must support the same ground for venue as is alleged in the bill of complaint. *Idem.*

Under the *Blankenship* case, therefore, plaintiff will have to file an amended bill of complaint alleging venue which can be supported by the depositions, i.e., that (1) plaintiff was a resident of Richmond at the time the suit was instituted, and (2) either that

defendant was a nonresident of Virginia, or, in the alternative, that his address was, after due diligence, unable to be ascertained at the time suit was instituted.

Everything following the original bill of complaint being void (*see Blankenship, supra*), new depositions will, of course, have to be taken and new publication had, although I can, and will dispense with the necessity of a second newspaper notice.