## CIRCUIT COURT OF FAIRFAX COUNTY

Paul Alpha Grant

v.

Debbie Lynn Grant

April 7, 1999

Case No. (Chancery) 152185

BY JUDGE MARCUS D. WILLIAMS

This matter came on upon Complainant's Notice and Motion for Entry of a Final Decree of Divorce. The matter was heard by the Court on April 2, 1999. For reasons stated herein, the Motion is denied.

The Bill of Complaint praying for a divorce *a vinculo matrimonii* on the basis of one year separation was filed on November 6, 1997. A Decree of Reference was entered on May 18, 1998, appointing Mr. Charles Anderson as Commissioner. After taking depositions, Mr. Anderson found that the parties had been separated without cohabitation or interruption and with the requisite intent to obtain a divorce since July 3, 1997. This date is four months prior to the filing of the Bill of Complaint.

The Court's authority to grant divorces is statutory. "It is elementary … that neither courts of law nor equity have any inherent power to dissolve marriage." *Reid v. Reid,* 24 Va. App. 146 (1997) citing *Blankenship v. Blankenship,* 125 Va. 595, 598 (1919). Only when jurisdiction exists at the time the Bill of Complaint is filed does the Court have the power to dissolve a marriage.[1] Contrary to counsel's assertion that the situation is analogous to merging a Bill of Complaint for divorce *a mensa et thoro* based upon fault

---

[1] Carter v. Carter, 37 Va. Cir. 326 (1995), the case cited by Complainant at oral argument, does not consider the matter of jurisdiction and therefore provides no guidance to the Court.

grounds into a divorce *a vinculo matrimonii,* a Bill of Complaint for divorce *a vinculo matrimonii* based on one year separation cannot simply be merged into a final decree of divorce on these grounds when jurisdiction did not exist at the time the Bill of Complaint was filed. These situations are not analogous because the Court's authority to merge the former is statutory,[2] while authority for doing the latter does not exist.

For the Court to have jurisdiction over this matter, the parties must have been separated without cohabitation or interruption and with the requisite intent to obtain a divorce for one year prior to the filing of the Bill of Complaint. The Commissioner's findings show that the parties were separated for only four months at the time the Bill of Complaint was filed.

Accordingly, Complainant's Notice and Motion for Entry of a Final Decree of Divorce is denied.

---

[2] Virginia Code § 20-121.