## In re DAHLMAN'S ESTATE.

(No. 1,607.)

(Submitted June 1, 1903.  Decided June 15, 1903.)

*Probate—Jurisdiction of Court—Dower.*

When a court is exercising its probate jurisdiction, it has no power with reference to dower, and can make no orders affecting a widow's dower right.

*Appeal from District Court, Jefferson County; M. H. Parker, Judge.*

ANNA DAHLMAN appeals from an order of final distribution in the estate of Henry Dahlman. Affirmed.

*Messrs. Walsh & Newman,* for Appellant.

*Mr. George F. Cowan,* and *Mr. A. J. Craven,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This matter comes before this court upon an appeal from an order of final distribution. At the time the order was made, Anna Dahlman, appellant in her own right, requested that the court embody in it a statement that it was made without prejudice to her rights under the provisions of the Civil Code relating to dower, and her right of election in lieu thereof under Section 236 of that Code. This the court refused to do, because the judge was of the opinion that, having elected to share in the estate as heir under the statutes relating to succession (Civil Code, Section 1852 *et seq.*), the appellant had thereby waived her claim to dower.

Whether the court erred in refusing to embody in the order this reservation is the only question upon which a decision is

sought.   The rights of the appellant in the premises were settled and determined by this court in the case of *Dahlman* v. *Dahlman* (this day decided), *ante* p. 373, 72 Pac. 748.   We are of the opinion that she suffered no prejudice by the order as made.   We have not been able to find any provision in the Title (Title XII) of the Code of Civil Procedure relating to probate proceedings, giving to the court, when sitting in probate, jurisdiction of any matter touching the admeasurement of dower. The jurisdiction upon this subject is conferred upon the court as a court of general jurisdiction, and it must be invoked by an independent action under the provisions of Title XIII of the Code of Civil Procedure.   The remedy therein provided is, we think, exclusive.   The court, when exercising its probate jurisdiction, has, therefore, no power with reference to dower, and no order which it may make touching the distribution of property during the course of administration can, of itself, affect the right of dower in any lands to which the right has attached, or any election which the widow has with reference to it.   She may bring her action to have her dower allotted to her, notwithstanding the order of distribution makes no mention of her right.   This being the case, the court committed no error in making the order, though the reason for its action in the premises was not correct.   The order is therefore affirmed.

*Affirmed.*