EADIE, RESPONDENT, *v.* EADIE, APPELLANT.

(No. 3,049.)

(Submitted December 15, 1911.    Decided December 28, 1911.)

[120 Pac. 239.]

*Pleadings—Amendments After Default Judgment—Statutes—
General Appearance—Notice—Estoppel—Clerical Errors.*

General Appearance—Notice—Estoppel.
1.   One who appears generally to resist a motion to amend a complaint after judgment rendered, and does resist such motion on the merits, is presumed to have submitted himself to the jurisdiction of the court for all purposes of the motion, and is estopped to claim that he did not have sufficient notice.

Pleadings—Amendment After Default Judgment—Notice.
2.   A party's default being a confession of only such facts as were properly pleaded, a complaint which does not state a cause of action because of lack of a necessary allegation, cannot be amended after entry of judgment without notice to defendant.

Same—Amendment After Judgment—Statutes.
3.   The amendment of "any pleading or proceeding" permissible under section 6589, Revised Codes, upon notice to the adverse party, may be made at any time, but should not in any case go further than to supply formal defects; the limitation of six months mentioned in said section applying only to the court's power to relieve a party from a default judgment taken against him through his mistake, inadvertence, etc.

Same—Amendments After Default Judgment—Clerical Errors.

    4. *Held,* under the rule declared in paragraph 3, *supra,* that plaintiff in a divorce proceeding in which defendant suffered a default judgment to be entered against her, was properly permitted, about three years after entry of judgment, to amend his complaint by substituting the word "plaintiff" for "defendant" in the paragraph of the pleading which was intended to allege the jurisdictional fact of plaintiff's residence within the state (Rev. Codes, sec. 3674), but through a clerical misprision alleged that defendant had been a resident for the required length of time.

    (Mr. CHIEF JUSTICE BRANTLY dissenting.)

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

ACTION by James W. Eadie against Mary A. Eadie. From an order permitting the complaint to be amended after decree, defendant appeals. Affirmed.

*Mr. John A. Smith,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Lamb & Walker,* and *Mr. Frank C. Walker,* for Respondent, submitted a brief; the latter argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The plaintiff brought his action for a divorce, on May 23, 1908, alleging as ground therefor that defendant had been guilty of extreme cruelty toward him, persisted in for more than one year prior to the filing of the complaint, and of such a character as to destroy his peace of mind, to defeat entirely the proper and legitimate objects of the marriage, and to render the continuance of his marriage relation with defendant intolerable. The second paragraph of the complaint is the following: "That the defendant has been a resident of the state of Montana, county of Silver Bow, for more than one year next preceding the commencement of this action." The defendant, having been personally served with summons, suffered default to be entered against her; and, on June 17, 1908, after hearing the plaintiff's proof, the court granted a decree as prayed. On April 7, 1911, counsel for plain-

tiff gave counsel for defendant notice that they would on the following day move the court to amend the complaint, by striking out of the second paragraph thereof the word "defendant," and inserting in lieu thereof the word "plaintiff," alleging in their affidavit accompanying the notice that the use of the former was a clerical error. At the time fixed in the notice, counsel for defendant appeared and objected to the consideration of the motion, (1) because the defendant had not been given five days' notice as provided by statute, and no order had been made shortening the time; and (2) because, more than one year having elapsed since the entry of judgment, the court was without power to order the amendment. The court thereupon made an order shortening the time of notice, overruled the objections, and after a hearing ordered the amendment to be made. The defendant has appealed. Her counsel contends that the court erred in ordering the time of notice to be shortened without cause shown therefor, and overruling the objections to the consideration of the motion.

When a notice of a motion is required, the adverse party is entitled to service of notice five days before the time appointed for the hearing, if both parties reside in the county where the court is held; otherwise he is entitled to service ten days before the hearing; and if the service is by mail, the time of service must be increased by one day for every twenty-five miles between the place of deposit and the place of service, provided the time shall in no case exceed thirty days. The court or judge may in any case prescribe a shorter time. (Rev. Codes, sec. 7141.) Assuming, for present purposes, that the defendant was entitled to written notice of five days (Rev. Codes, sec. 7145)—for it does not appear that both parties were not residents of the county— we do not think that the order should be reversed, either because the statutory service of the notice was not made, or because the court ordered the time shortened. The defendant did not [1] appear specially and ask to have the service of notice set aside as insufficient, but appeared generally and resisted the motion on its merits. She must be presumed to have submitted

herself to the jurisdiction of the court for all the purposes of the motion, and therefore may not be heard to complain that she did not have sufficient notice. Besides, it does not appear that she was prejudiced in her resistance of the motion in any substantial particular. At best, the objection is technical, and does not go to the merits of the controversy. The rule declared by section 6593, Revised Codes, has special application here.

It is apparent that the use of the word "defendant" in the complaint was a clerical misprision, not only because the paragraph in which it appears is otherwise of no significance—for an allegation of defendant's residence is not required—but also because the allegation of plaintiff's residence for the required time within the state is a substantial element of plaintiff's cause of action, essential to confer jurisdiction upon the court. (Rev. Codes, sec. 3674; *Rumping* v. *Rumping,* 36 Mont. 39, 91 Pac. 1057, 12 L. R. A., n. s., 1197.) The presence of the word "defendant" in the pleading cannot be accounted for on any other theory than that in drafting it counsel, or his scrivener, inadvertently substituted the wrong designation.

This brings us to the substantive question presented in defendant's second contention, to wit: May a court correct such an error apparent upon the record, after judgment has been rendered on default and after six months subsequent to the entry of judgment? That this may be done in cases in which the defendant has appeared in the action and contested plaintiff's claim, we have no doubt. The following cases are illustrative: *Lamb* v. *St. Louis Cable & W. Ry. Co.,* 33 Mo. App. 489; *Seeber* v. *Yates,* 6 Cow. (N. Y.) 40; *Brandt* v. *Albers,* 6 Neb. 504; *Hodge* v. *Sawyer,* 34 Wis. 397; *Sanford* v. *Willetts,* 29 Kan. 647. It is also the rule that after default judgment must be rendered, if at all, upon the cause of action of which the defendant has had notice in the summons; that is, the one alleged in the original complaint. [2] His default is a confession of only such facts as have been properly pleaded; hence, if the pleading does not state a cause of action because of lack of a necessary allegation, it cannot be so amended without notice, in order that the defendant may appear and defend, if he chooses to do so.

The limitation of six months found in section 6589, Revised Codes, applies only to the time within which a court may relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The statutory authority to make the amendment in question here, if such authority be necessary, is to be found in the preceding portion of the section, which declares: "The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer, reply or demurrer. The court may likewise, in its discretion, after notice to or in the presence of the adverse party, allow upon such terms as may be just, an amendment to any pleading or proceeding in other particulars." It will be noted that no limitation is prescribed in this provision as to when "any pleading or proceeding" may be amended. Under a similar statute, by authority of which the power to amend could be exercised at "any time," the supreme court of Iowa, in *O'Connell* v. *Cotter,* 44 Iowa, 48, held that it was proper to permit, after judgment in a default case, an amendment to the prayer of the complaint, so that it would support a decree of foreclosure which, without such amendment, was void. So in *Doty* v. *Rigour & Co.,* 9 Ohio St. 526, it was held that a petition averring the usual and necessary facts for a judgment upon a bill of exchange, which authorized the payee to confess judgment in case of nonpayment, and which was described in the petition as drawn upon "Bills & Bartell," instead of upon "Butler & Winter," was amendable after judgment by correcting the error in the name of the drawee, under a statute which authorized amendments to be made "before or after judgment."

Inasmuch as our statute contains no limitation, and authorizes an amendment to be made to "any pleading or proceeding," an [3] amendment which may be made at all may be made at any time, upon notice to the adverse party. The amendment ought

not in any case to go further than to supply formal defects. In this case the intention of the pleader is so palpable that, though authorized by the statute, an amendment was not necessary; [4] for anyone in reading the pleading would conclude at once that the word "defendant" should be read "plaintiff." Since, however, the district court made the correction, proceeding ostensibly upon the theory that the status of the parties as fixed by the decree should be put beyond question, there was no error in ordering the amendment to be made.

Incidentally counsel for defendant contends that, though the amendment might otherwise properly have been made, it is useless, because the complaint does not in any other respect state a cause of action. While the pleading might have been open to attack by special demurrer, we do not think it so lacking in substantial averments as to be fatally defective.

The foregoing views are those of my associates. I do not approve them, except as to the disposition made of the matter of notice, and in so far as they define the authority conferred by the statute to make amendments. Under the authority of *Rumping* v. *Rumping, supra,* the allegation of the plaintiff's residence is substantial and necessary to give the court jurisdiction to proceed to decree in a divorce case. Though the error in the use of the word "defendant" is probably a clerical one, yet it cannot for this reason be corrected with any more propriety than could the entire allegation of residence be supplied, though it had been omitted through inadvertence. To make the amendment in this case is to supply a jurisdictional fact, a necessary part of the plaintiff's cause of action. This ought not to be done.

The order is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.