IVANHOFF, RESPONDENT, *v.* TEALE, APPELLANT.

(No. 3,204.)

(Submitted February 17, 1913.   Decided March 7, 1913.)

[130 Pac. 972.]

*Contracts—Performance—Sufficiency of Pleading—Waiver of
Defect, When—Mechanic's Lien—Foreclosure—Defective De-
scription of Lands Affected, When Fatal—When Plaintiff En-
titled to Personal Judgment.*

Pleading—Substitution of "Defendant" for "Plaintiff"—Waiver of Defect,
How.
1.   An inadvertent substitution of the word "defendant" for "plain-
tiff" in the complaint does not render the pleading insufficient, but
subject to special demurrer on the ground of uncertainty, which defect
is waived by answering to the merits.

Contracts—Performance—Sufficiency of Pleading.
2.   Under section 6572, Revised Codes, performance by plaintiff of his
contract was sufficiently alleged by his statement that "defendant
(inadvertently substituted for "plaintiff") actually completed all of
the work and labor to be by him performed under said contract and
did all of the things in said contract of him required to be done."

Mechanic's   Lien—Complaint—Erroneous   Description   of   Land—When
Fatal.
3.   One of the prerequisites prescribed by section 7291, Revised Codes,
to make valid a lien on land for labor performed in clearing it was
a notice containing a description thereof sufficiently accurate to en-
able identification of the property affected; hence, where in a suit to
foreclose such a lien the description in the decree differed from that
found in the complaint as well as that contained in the notice, so that
identification of the lands sought to be charged was impossible, the
decree ordering them to be sold must be reversed.

Same—Failure to Establish—Personal Judgment.
4.   Where one to whom money is due for labor performed fails to
establish a lien on the property on which it was done, because of non-
observance of the statutory provisions relative to perfecting it, he is
nevertheless entitled to a personal judgment for the amount found
due from defendant.

*Appeal from District Court, Ravalli County; J. B. Poindexter,
a Judge of the Fifth Judicial District, presiding.*

ACTION by Peter Ivanhoff against Sarah C. Teale.   Judgment
for plaintiff; defendant appeals.   Remanded, with directions.

Cause submitted on briefs of counsel.

*Mr. C. M. Parr,* for Appellant.

*Messrs. O'Hara, Edwards & Madeen,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to foreclose a statutory lien for a balance alleged to be due to plaintiff for services rendered by him under a contract, by the terms of which he agreed to clear certain lands, situated in Ravalli county, belonging to defendant at a stipulated price of $25 per acre. Subsequent to the making of the original contract, its terms were, by mutual consent of the parties, extended so as to include other lands. The complaint alleges "that on the twentieth day of April, 1910, plaintiff entered upon the performance of said contract, and the defendant actually completed all of the work and labor to be by him performed under said contract and did all of the things in said contract of him required to be done; that by reason of said work and labor performed defendant became indebted to said plaintiff for the clearing of eighty-eight acres at $25 per acre, making a total sum of $2,200, of which said amount defendant paid to the plaintiff $949, leaving a balance due and owing and unpaid of $1,251, no part of which has been paid." It then alleges the filing of the notice of lien with the clerk and recorder of the county within ninety days after completion of the work, as required by section 7291, Revised Codes. A copy of the notice of lien is attached to the complaint as an exhibit. The issue tried was whether the work had been performed by the plaintiff in accordance with the terms of the contract and had been so accepted by the defendant. The court found for the plaintiff, and that there was due him a balance of $651. It rendered a decree declaring this amount to be a lien on defendant's lands, and ordered them to be sold to satisfy it. The appeal is from the decree.

It is contended that the complaint does not state facts sufficient to constitute a cause of action, in that it alleges "the *defendant* actually completed all of the work," *etc.* This contention is without merit. It is apparent that the pleader, in

[1] drawing the complaint, inadvertently substituted the term "defendant" where he intended to use the term "plaintiff." At most, this substitution of terms served only to render the pleading open to objection by special demurrer on the ground of uncertainty. Such a defect is waived by answer to the merits. (*Eadie* v. *Eadie*, 44 Mont. 391, 120 Pac. 239; Rev. Codes, sec. 6539.)

It is also argued that the complaint does not allege the performance of the contract on the part of plaintiff in terms sufficiently direct and certain. If the pleading be construed [2] according to its purport as indicated above, it can mean nothing less than that the plaintiff fully performed all the conditions of the contract to be by him performed. This meets the requirement of the statute. (Rev. Codes, sec. 6572.)

The last contention is that the decree does not conform to the allegations of the complaint, and hence that the relief granted [3] is not warranted by it. When we come to compare the description of the lands in question, as set out in the complaint, with that contained in the notice of lien and also with that found in the decree, we find it wholly inconsistent with them, not only with reference to the section subdivisions, but also with reference to their situation in the section, township, and range. In the complaint they are described as situated in sections 14 and 28, in township 5 north, range 21 west. In the notice they are described as situated in sections 14, 27, and 28, in the same township and range. In the decree we find two descriptions. It is first recited that the plaintiff filed with the clerk and recorder his notice of lien upon certain lands described therein. These are described as situated in part in section 14, township 3 north, range 21 west, and the rest as situated in sections 27 and 28, township 5 north, range 21 west. Later those described as subject to the lien are referred to as situated in the same townships and ranges, but the subdivisions of the sections mentioned are different. Besides, when the section subdivisions mentioned in the several descriptions are compared, no two of the descriptions are consistent. Such is the confusion and uncertainty in

the record in this respect that it is impossible for us to ascertain whether any of the lands described are subject to the lien. The statute requires the description to be such as to identify the property sought to be affected by the lien. (Rev. Codes, sec. 7291.) This is a prerequisite to the validity of the lien; for, in order to perfect the claim, all the different requirements of the statute must be substantially complied with. (*Yerrick* v. *Higgins,* 22 Mont. 502, 57 Pac. 95; *McGlauflin* v. *Wormser,* 28 Mont. 177, 72 Pac. 428.)

Under the findings the plaintiff is entitled to a personal judg- [4] ment against defendant for the amount found due, in any event. Whether he is also entitled to a lien must, under the circumstances, be determined by the district court, after the plaintiff has been afforded the opportunity, if this can be done, to amend the complaint so as to make the description therein agree with the description in the notice of lien.

The cause is therefore remanded to the district court, with directions to set aside the decree, and, upon further proceedings not inconsistent with the suggestions herein, to ascertain what portion of the lands, if any, are sufficiently described in the notice to identify them. That court will then enter a decree declaring the balance found due plaintiff a lien thereon. If, upon such further proceedings, the description contained in the notice is found insufficient to identify any portion of the lands, the court will render and enter a personal judgment against the defendant for the amount found due, with costs.

*Remanded, with directions.*

Mr. Justice Holloway and Mr. Justice Sanner concur.