GAHAGAN, Appellant, *v.* GUGLER, Respondent.

(No. 7,573.)

(Submitted December 8, 1936.   Decided December 19, 1936.)

[63 Pac. (2d) 145.]

*Mr. Emmet O'Sullivan,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. C. Husband,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from the district court of Wheatland county. It involves only the part of a judgment pertaining to the allowance of costs. The matter giving rise to the cost bill, subject of this appeal, was before this court on a previous occasion. (*Gahagan* v. *Gugler,* 100 Mont. 599, 52 Pac. (2d) 150.) We will briefly review that proceeding in order to give a clearer understanding of the present appeal.

Plaintiff, Gahagan, prevailed in the district court in an action for wages, and thereafter filed his memorandum of costs. Two days later defendant filed a motion to tax costs; as a result of that hearing various items were stricken. It was reduced from the sum of $191.75 to $77.98. Being aggrieved by the action of the court in thus retaxing the costs, plaintiff perfected an appeal. The judgment was affirmed by this court.

Upon the filing of the remittitur, counsel for defendant filed a memorandum of his costs and disbursements in the total sum of $55.15. Counsel for plaintiff thereupon filed a motion to retax the costs, objecting to all the items except defendant's supreme court appearance in the sum of $5 and the remittitur fee in the sum of $1.80. Defendant's motion to strike the item of $3.60 (the cost of a copy of the opinion charged by the clerk of the supreme court), was sustained. This left only two items in dispute, viz., the fee of $3.75 for a partial transcript of the testimony by the official stenographer, and the cost of the typewritten brief in the sum of $41. The court struck out the former item and denied plaintiff's motion to strike the latter. Thus the present appeal involves only the court's action in denying the motion to strike from the cost bill the item relative to the typewritten briefs.

The principal question presented is whether defendant was entitled to include in his cost bill the expense of typewritten briefs filed in this court on the former appeal. Plaintiff contends that while our statute (sec. 9802, Rev. Codes) authorizes the taxing as costs the expense of printing briefs, no statutory authority permits the taxing of costs of typewriting a brief. In support of this contention he refers to the language of this court in the decision of the previous appeal of this case, wherein it is stated that "the items of recoverable costs are enumerated in section 9802, Revised Codes 1921. This section is exclusive except in so far as certain cases are taken out of its operation by special statutes."

It is conceded by defendant that there is no specific statutory authorization for allowing costs for typewriting briefs, such as there is for printing them. He contends, however, that under section 9802 there is general authority by virtue of which such an item may be allowed. The language of that part of the section following the specific enumeration of the various allowable items of costs is as follows: "And such other reasonable and necessary expenses as are taxable according to the course and practice of the court." This statutory provision must be construed so as to give effect to every provision thereof. (Sec. 10519, Rev. Codes; *In re Baxter's Estate,* 101 Mont. 504, 54 Pac. (2d) 869.) If the quoted phrase means anything at all, it must mean that items of costs not specifically enumerated in the statute and not always possible to classify or anticipate may be allowable when they fall within the class of items generally taxed by courts in ordinary practice. It is then evident that the legislature did not intend to restrict cost items to those specifically enumerated.

The effect of the statutory provision just mentioned does no violence to the general rule often announced by this court and other courts. For instance, in the case of *Lunardello* v. *Republic Coal Co.,* 101 Mont. 94, 53 Pac. (2d) 87, 91, the court announced: "The power to allow costs is purely statutory; unless some statutory authority exists therefor, an al-

lowance thereof is erroneous.'' It was not intended that this statement should have such a restricted meaning as would read some provision out of the statute. It must be obvious that an item of costs predicated upon the general authority of the quoted phrase is just as legal as one predicated upon specific enumeration. In either event it is possible to say that it is an item of costs under the statute, the only difference being that, where the specific authority is stated in the statute, no argument is required to support the same; but, where the item of cost is predicated upon the general phrase, it is entirely possible that support may be required in the form of evidence of the custom and practice of the court or of courts generally.

In the case at bar counsel for defendant did make a showing. He filed an affidavit setting forth that he had inquired of various actively practicing lawyers in different parts of the state as to the custom and practice, and that eight or nine of them had advised him that it was the course and practice of the courts of this state to tax such items as costs. The attorney himself swore that such was the practice of his own knowledge. He said specifically that it was the course and practice of the courts of the state to tax as costs the expense of typing briefs to be filed and used in the supreme court when that court ordered that such briefs be typewritten, and when the charge for typing the briefs did not exceed the cost of printing them. He further said that the sum involved—$41—was a reasonable and necessary item of cost for typing the briefs.

Plaintiff filed an affidavit in resistance, wherein he stated that in the light of his own experience such was not the practice of the courts of this state.

Upon the conflicting statements thus contained in the affidavits submitted, the court allowed the item as a proper item of cost. Of necessity the court must have found that the item was justified by reason of the course and practice of courts in the state, because no claim has been made that the statute specifically authorizes the allowance. It must

have been predicated upon the general authority which, as we have indicated, is just as much a part of the statute as are the other parts having to do with specific matters.

In conformity with a rule well recognized everywhere, this court has generally refused to disturb findings by an inferior tribunal where there is any substantial evidence to support them. Here there was unquestionably evidence to support the conclusion reached by the district judge.

It has been argued, however, that this matter was settled and the rule well established in the old case of *State ex rel. King* v. *District Court*, 25 Mont. 1, 63 Pac. 402, decided thirty-five years ago. It is true that in that case the court did order stricken certain items and did state that the items were not allowable. One item was for $20, paid to a stenographer for taking shorthand dictation of briefs and typing them. The court said that it was not a legal item of costs, and disallowed it. The controlling statute in effect then was the same as the one now in force. It is not clear from the opinion in that case just what the typewritten briefs in question really were. A reference, however, to the original files of the case discloses the fact that $15 of the $20 item so disallowed was merely for the making up of the typewritten copy from which briefs were later printed. The remaining $5 of the item was for services of a stenographer in preparing typewritten briefs which were filed as such in this court. Thus it appears that the $5 item was similar in substance to the cost item in question here.

The difference in the two situations is made manifest by the fact that there was no showing of custom in the *King Case,* and no attempt to justify the item under the general provision of the statute to which we have adverted. Even though there had been no such custom in existence thirty-five years ago, that does not necessarily mean that the custom has not come into being since that time. Thirty-five years is a long time. Typewriters were not in as common use then as they are at the present time, and work turned out by typewriters

and stenographers in that day was not of the same class as that of today; so that in the interim different customs may have grown up and now different considerations may very easily control.

In view of all of the facts and circumstances, we are of the opinion that, by virtue of the procedure adopted and followed in the hearing on the motion to tax costs, the court not only proceeded regularly but justifiably in allowing the item as one taxable under section 9802, supra.

The judgment should be, and it is hereby, affirmed.

Mr. Chief Justice Sands and Associate Justices Matthews, Anderson and Morris concur.