MATHEY, APPELLANT, *v.* MATHEY ET AL., RESPONDENTS.

(No. 7,958.)

(Submitted October 10, 1939. Decided December 28, 1939.)

[98 Pac. (2d) 373.]

468

*Messrs. Swanberg & Swanberg,* for Appellant, submitted a brief; *Mr. Randall Swanberg* argued the cause orally.

*Mr. H. C. Hall* and *Mr. Edw. C. Alexander,* for Respondents, submitted a brief; *Mr. Hall* argued the cause orally.

MR. JUSTICE ARNOLD delivered the opinion of the court.

The plaintiff, widow of Joseph C. Mathey, brought an action in the district court of Chouteau county, Montana, to procure an interest in lieu of dower in lands located in that county. Her amended complaint was filed in July, 1936. The defendants are sisters of the deceased husband. The plaintiff asked in her complaint that she be adjudged the owner in fee simple of one-half of the real estate described in the complaint, under the authority of section 5821, Revised Codes of 1935, having in her complaint elected to take in lieu of dower. Her husband left no children or descendants of children. The plaintiff and her husband were residents of the state of Minnesota during coverture and at the time of his death.

After probate of the estate in Montana, a decree of distribution was entered in 1934, distributing the property according to the laws of succession, the deceased having died intestate. The widow by the decree of distribution received one-half of the residue and each of the defendants one-fourth thereof. In 1935 the plaintiff by warranty deed conveyed the property she had

received by virtue of the decree of distribution to one Gottlieb Ryffel, who had been administrator of the estate and who was also a tenant in common with Joseph C. Mathey in the lands involved in this action, "together, with all and singular the hereinbefore described premises together with all tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining; and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and also all the estate, right, title, interest, right of dower and right of homestead, possession, claim and demand whatsoever, as well in law as in equity, of the said party of the first part, of, in or to the said premises, and every part and parcel thereof, with the appurtenances thereto belonging, to have and to hold, all and singular, the above mentioned and described premises, unto the said party of the second part, and to his heirs and assigns forever."

All of the lands distributed in the probate proceedings was subject to two mortgages totaling $8,000. Notice to creditors was given in regular course in the probate proceedings, but no claim against the estate was filed by the mortgagee.

The action was tried by the court without a jury, and at the conclusion of the evidence, which was brief, the court ordered it dismissed on the ground that it was prematurely brought, inasmuch as the complaint and evidence showed that the mortgage debts of $8,000 had not yet been paid. This appeal followed.

The questions raised on this appeal, therefore, are: First, the effect of the mortgages on the lands of the deceased; second, the effect of the decree of distribution and the widow's warranty deed conveying away the share distributed to her; third, the effect of the nonresidence of the widow.

We shall take up first the question of the right of plaintiff to have her rights in lieu of dower determined when the property is covered by mortgage for which no claim has been filed against the estate, the precise question being: Is the mortgage a debt or claim within the meaning of section 5821, Revised Codes 1935, which reads as follows: "If a husband die, leaving a

widow, but no children, nor descendants of children, such widow may, if she elect, have, in lieu of her dower in the estate of which her husband died seized, whether the same shall have been assigned or not, absolute and in her own right, as if she were sole, one-half of all the real estate which shall remain after the payment of all just debts and claims *against the deceased husband;* provided, that, in case dower in such estate shall have been already assigned, she shall make such new election within two months after being notified of the payment of such claims and debts.''

In the ordinary meaning of the term ''debt'' or ''claim'' a mortgage indebtedness, of course, is included therein. It is often referred to as a ''secured debt.'' Certain rights are lost, however, by such a creditor or claimant if he fails to comply with the provisions of the statute relating to that kind of indebtedness when the debtor dies and his estate comes into the probate court. Sections 10170 to 10173, Revised Codes 1935, require all claims to be filed within a certain time and manner, depending upon the amount of the estate, and if not so presented such claims are forever barred, the only exceptions being that if it is made to appear by the affidavit of the claimant to the satisfaction of the court that the claimant had no notice as provided in the preceding sections, by reason of being out of the state, they may be presented at any time before an order of distribution is entered, and, provided further, that mortgages upon real property of decedents may be foreclosed, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a *claim against the estate,* unless such debt was presented as required by the provisions of this chapter.

Therefore, when a mortgage holder fails to present his claim within the time specified in the Code, he no longer has recourse against the estate of the deceased, other than the property described in his mortgage. The debt loses its characteristic as a debt of the deceased and is not enforceable against the property of the deceased, excepting only that property cov-

ered by the mortgage. This principle is further borne out by the sections of our Code relating to distribution of estates.

Section 10318 provides that at any time after the lapse of four months of the issuing of letters testamentary or of administration, any heir, devisee or legatee may present his petition for his share of the estate upon giving bonds for the payment of his proportion of the debts of the estate.

Section 10323 provides that at any time after the lapse of one year from the issuance of letters testamentary or of administration, such heir or devisee may present his petition for distribution, and if it appears that the estate is but little indebted and that the share of the party applying may be allowed to him without loss to the creditors of the estate, the court may make an order in conformity with the prayer of the applicant, requiring that such heir before receiving his share execute a bond conditioned for the payment, whenever required, of his proportion of the debts due from the estate; provided that when the time for filing or presenting claims has expired and all claims that have been allowed have been paid, *or are secured by mortgage upon real estate sufficient to pay them,* and the court is satisfied that no injury can result to the estate, the bond may be dispensed with.

It is clear, therefore, from these provisions that the law contemplates that when all claims presented and allowed have been paid, the estate is ready for distribution, despite the fact that mortgages remain unpaid, where the mortgage holders have failed to file and present them within the time allowed by law.

An estate of a decedent is the property, both real and personal, which he possesses at the time of his death, and title to it descends immediately to his heirs upon his death, subject to the control of the probate court for purposes of paying debts and claims. After distribution to the heirs or devisees, the estate ceases to exist. It is clear, therefore, that there was no outstanding indebtedness of the decedent, within the meaning of section 5821, Revised Codes 1935, when the estate was distributed, otherwise the estate would not have been in condition for closing and distribution. Sections 10315 and 10316, Revised

Codes 1935, clearly indicate that an estate is not ready for closing and distribution until all debts are paid.

The bar to an election to take in lieu of dower, until all just debts and claims against the deceased husband are paid, is for the protection of the creditors. A mortgage creditor who fails to file his claim, thereby losing his right to satisfy it from the estate, outside the property covered by mortgage, is in no way affected or injured, hindered or delayed in the collection of his mortgage debt by such election to take in lieu of dower; hence the reason for the bar thereupon ceases. The land affected by the widow's election to take in lieu of dower is still impressed with all outstanding liens.

Counsel for the defendants cites the Montana case of *Rosenow* v. *Miller*, 63 Mont. 451, 207 Pac. 618, in support of his contention that plaintiff should have alleged residence within the state of Montana during her coverture with the deceased. The facts in that case, and in the other citation of the defendants on this point—*In re Metcalf's Estate*, 93 Mont. 542, 19 Pac. (2d) 905, 907—concern the construction of another section of our Code, namely 5818, which reads as follows: "Any married man residing and owning real property in the state, whose wife has never been in the state or territory of Montana, can by deed, mortgage, or other conveyance, grant the full title to such property by his own signature, and the wife or widow shall have no dower interest in the property to which the title of the husband is so divested." These decisions, therefore, have no bearing on the facts before us, but relate to such cases where a husband, who was a resident of Montana, conveyed land without the signature of his wife, who had never been in the state of Montana during coverture. It is noted in the case of *In re Metcalf's Estate*, above referred to, that this court used the following language: "The widow of a resident of Montana who has never resided here has no right of dower in the lands of her deceased husband." (Citing *Rosenow* v. *Miller*, supra.) However, as pointed out, the widow's loss of dower rights is limited to lands conveyed by her husband without her signature where she, during coverture, was never in the state of Montana. It

is clear from reading section 5818 that it has reference to such cases only, as the section provides that the wife or widow shall have no dower interest in the property in which the title of the husband is so divested. "So divested" refers to the manner he employs to divest himself of title, namely, by deed, without the wife's signature. In case of his death, title is divested by operation of law and thereupon vested in his heirs.

We therefore conclude that nonresidence of the wife or widow, does not bar her from asserting dower in lands to which she would otherwise be entitled to dower.

The remaining question is therefore: What is the effect of ▆ the decree of distribution and the widow's subsequent conveyance of the share distributed to her?

The deed which the defendants introduced in evidence describes only the distributive share of the plaintiff, and has no reference to the shares in the property distributed to the defendants. In view of the fact that the widow's right as heir and her dower rights are separate and distinct, she is entitled to both, and her deed conveying her distributive share would, of course, not relinquish her dower rights in the shares received by defendants. (*Dahlman* v. *Dahlman,* 28 Mont. 373, 72 Pac. 748.) The words quoted supra, from the deed as following the description cannot be construed as attempting to convey any interest in the lands in addition to the particular fractional interest described therein.

Counsel for defendants cites 18 C. J. 861, as support for his contention that the plaintiff, having transferred the lands distributed to her, cannot now make an election to take in lieu of dower in other lands of which the deceased died seised, under the provisions of section 5821, Revised Codes 1935. The principle announced in that citation is to the effect that a widow will not be allowed to retract an election once made to take dower. A South Carolina case mentioned in the citation holds that a widow by accepting a distributive share in the lands of which her husband died seised, is barred of dower in other lands of the deceased husband. (*Evans* v. *Pierson,* 9 Rich. 9, 43 S. C. L. 9.) This rule, however, does not prevail in Montana.

As heretofore shown, section 5821, upon which this action is based, provides that the widow may elect to take one-half of all the real estate of which her husband died seised, whether the same shall have been assigned or not, after payment of debts, provided that in case dower shall have already been assigned she shall make such election within two months after being notified of payment of such claims and debts.

Here no assignment of dower had ever been made; hence, ██ the widow's time for making such new election had not yet expired. This court has held that a district court, when exercising its probate jurisdiction, has no power with reference to dower, and no order which it may make touching the distribution of property during the course of administration can of itself affect the right of dower in any lands to which the right has attached, or any election which the widow has with reference to it. She may bring her action to have her dower allotted to her notwithstanding the order of distribution makes no mention of her right. (*In re Dahlman's Estate*, 28 Mont. 379, 72 Pac. 750.) Therefore, the decree distributing one-half of the property to the plaintiff as the widow of deceased and her subsequent act of conveying the property would not be a bar to her election to take in lieu of dower in other lands of the deceased.

In the case of *Dahlman* v. *Dahlman*, supra, in construing ██ what is now section 5821, this court held that the estate therein mentioned fell to the widow, not as heir nor by the will of her husband, but by virtue of her marital rights, and that after the right became fixed by the death of her husband, she could assert it despite the rights of creditors, heirs or any persons whomsoever, and the only restriction upon the right of the election granted under that section is that there be no children or grandchildren, and that, in case she chooses the second alternative, the rights of the creditors must first be satisfied. The holding in the *Dahlman Case* has been a rule of property in Montana for more than thirty-five years. While in some instances it may render real estate title uncertain, yet any desired modification can readily be made by the state legislature.

The judgment of the district court is reversed with directions to enter judgment in favor of the plaintiff, adjudging her to be the owner of an undivided one-half interest in the land described in the complaint, which was distributed to the defendants as heirs of the deceased.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ERICKSON concur.

Rehearing denied February 5, 1940.