KERR, Receiver, Appellant, *v.* THELEN et al., Respond-
ents.

(No. 7,998.)

(Submitted February 27, 1940. Decided March 18, 1940.)

[100 Pac. (2d) 928.]

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action arises out of the same facts as those involved in the companion case No. 7,997, *Wilson* v. *Thelen,* ante, p. 305, 100 Pac. (2d) 923, this day decided. The additional fact here appearing is that plaintiff was appointed receiver for S. C. Ferdig, I. E. Ferdig, the Sylvester Oil Company, Treasure State Oil Syndicate, Sylvester Ferdig, Trustee of the Sylvester Oil Company, Sylvester Ferdig, Trustee of the Treasure State Oil Syndicate, Ferdig Oil Company, and Yellowstone Petroleum Company, by the United States District Court in and for the District of Wyoming, on June 3, 1933, in the Wyoming suit referred to in the facts set out in the opinion in case No. 7,997.

He was later appointed ancillary receiver for the United States District Court for the District of Montana. He brought this action to recover the possession of the property involved in case No. 7,997, aside from the one-third interest alleged in that action to belong to Mr. Wilson. The trial court found in favor of the defendants, and plaintiff appealed.

The same questions arise in this case as in case No. 7,997, with one exception. In this action plaintiff produced some evidence in addition to that presented in case No. 7,997. This additional evidence tended to show that Mr. Thelen promised the officers of the Ferdig Oil Company in effect that he would put up the money necessary to prevent the sale of the property, and that he led the officers of the corporation to believe that he was buying in the property for the protection of the corporation. The most that can be said of this additional evidence is that it presented a question of fact for the court to determine. It was sharply contradicted. The court found for the defendants on the issue, and since there is substantial evidence supporting the court's conclusion, we are not at liberty to interfere.

All other questions in this case are the same as those involved in case No. 7,997. What we have said in that case disposes of all of the points raised in this case against the plaintiff.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.