WILSON, Appellant, v. THELEN, Respondent.

(No. 7,997.)

(Submitted February 27, 1940.   Decided March 18, 1940.)

[100 Pac. (2d) 923.]

*Mr. Louis Donovan* and *Messrs. Theo. Hollister, Lathers & Hoag,* the latter of the Bar of Duluth, Minnesota, for Appellants, submitted an original, a reply and a supplemental brief; *Mr. Donovan* and *Mr. Jay H. Hoag* argued the cause orally.

*Mr. George E. Hurd* and *Mr. John N. Thelen,* for Respondent, submitted a brief; *Mr. Hurd* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to recover possession of an undivided one-third interest in certain oil and gas leaseholds

covering certain described property in Toole county, and for an accounting of the income therefrom alleged to have been received by defendant. The important allegations of the complaint are to this general effect:

That on or about the 24th of January, 1924, plaintiff, S. C. Ferdig and H. L. Lowe entered into a joint adventure whereby they acquired the lands in controversy here, each to hold an undivided one-third interest in and to the property; that pursuant to the agreement plaintiff advanced to S. C. Ferdig $10,-000 for the purpose of acquiring such lands; that Ferdig acquired the property but took it in the name of the Sylvester Oil Company, a common-law trust in which the three alleged joint owners were each to own one-third of the units; that thereafter S. C. Ferdig organized a corporation known as the Ferdig Oil Company, to which the lands in question were transferred with the understanding that the joint owners would own an equal interest in the corporation.

The complaint alleges that defendant purchased at judicial sale the property of the Ferdig Oil Company with notice and knowledge that plaintiff was the owner of a one-third interest therein. It sets forth that plaintiff instituted an action in the federal district court of Wyoming on the 6th day of August, 1929, against S. C. Ferdig and others, including the Sylvester Oil Company, the Ferdig Oil Company and the defendant Thelen, wherein plaintiff set out the foregoing facts and alleged that after trial he was successful in that action and by the decree of that court was awarded a one-third interest in and to the property in question. The court in the instant action found for defendant, and plaintiff appealed.

The facts of the case, so far as necessary to determine the points of law involved, may be stated by summarizing the findings of the court and by reciting the substance of documentary evidence. It may be said at the outset that the principal objection to the findings is that they are contrary to the decree entered by the federal court in Wyoming, which will hereafter be considered more in detail. There is no contention that the findings in this case are not supported by substantial evidence,

if we assume that evidence was admissible in this action which had the effect of impeaching the findings in the Wyoming decree. Before discussing the action in Wyoming we shall briefly summarize the salient facts found by the court in this action as supplemented by record and undisputed evidence. Those facts are as follows:

On January 4, 1924, S. C. Ferdig acquired an interest in an oil and gas lease on part of the lands in controversy here and, needing funds with which to make payments thereon and with which to acquire other lands and drill for oil thereon, made and acknowledged a declaration of trust on January 24, wherein he declared himself trustee of the trust known as Sylvester Oil Company. It declared that he, being the owner of the above-mentioned interest, offered to sell it to himself as trustee for 10,000 unit certificates. It provided for the issuance of 40,000 units, 10,000 to be issued to S. C. Ferdig for the property mentioned above and 6,000 additional to be held and owned by him for organizing and managing the trust, and the remainder to be sold for $10 per unit. The trustee was vested with authority to make contracts for the development, operation and disposition of the property, and to manage, control and supervise the business, property and affairs of the syndicate. It provided that the money paid to the trust should be expended in developing the property and acquiring new property and for other expenses of the syndicate. The trust provided that no unitholder should have any legal title to, or equitable estate in the trust property, but that the stockholder's interest should consist of an interest in the money to arise from the sale or other disposition of the property. The trust authorized the trustee to organize a corporation in place of the syndicate if he deemed it for the best interest of the syndicate; and that in the event he did so each unitholder should receive corporate stock on the same basis as he held certificates in the syndicate. The record discloses that pursuant to this authority S. C. Ferdig caused a corporation to be formed known as the Ferdig Oil Company. To this corporation the above-mentioned property, being part of the property in question here, was transferred on April 8,

1926, and the syndicate went out of existence. The other land involved herein never was owned by the Sylvester Oil Company.

Pursuant to an agreement between H. L. Lowe, then a resident of Wisconsin, and S. C. Ferdig, the former sold and disposed of certificates in the Sylvester Oil Company, the proceeds of which were sent to Ferdig for use in developing the oil land. Plaintiff, at the instigation of Lowe, assisted the latter with the sale of stock certificates and likewise transmitted the proceeds to Ferdig.

Ferdig caused two other corporations to be created, known as the Cody Petroleum Company and the Yellowstone Petroleum Company. The Cody company was an operating and producing company, and the Yellowstone company was the holding company. Ferdig was the moving spirit in all three corporations. Neither the Cody nor the Yellowstone company owned any lands in Montana. The Yellowstone company owned 82 per cent. of the stock of the Ferdig Oil Company. The Cody company sold its assets in August, 1929, and thereafter owned no property. At that time it owed Thelen about $19,000, which was "switched over" to the Yellowstone Petroleum Company. The latter company later lost all of its property save the stock of the Ferdig Oil Company. In order to protect his rights to the claim against the Yellowstone Petroleum Company, Thelen advanced money to the Ferdig company to pay taxes and settle lawsuits against it.

On August 6, 1929, plaintiff Wilson brought an action in the federal court of Wyoming against S. C. Ferdig, I. E. Ferdig, Sylvester Oil Company, Sylvester Ferdig, Trustee of Sylvester Oil Company, Ferdig Oil Company, Yellowstone Petroleum Company, H. L. Lowe and J. N. Thelen. Lowe was not served with process and made no appearance in the action. Thelen was dismissed from the action on the merits with his costs. The decree in that action provided that Wilson was entitled to one-third of 16,000 units in the Sylvester Oil Company, and additional units in consideration of the payment of $10,000, and that he was entitled to have delivered to him in exchange therefor shares of stock in the Ferdig Oil Company

of like value, and also shares of the Yellowstone Petroleum Company of like value, and also was entitled to. dividends thereon, and that Wilson was also the owner of a one-third interest in and to lands and leases acquired by S. C. Ferdig.

The court in the instant action found that the Wyoming action was local and binding only as to property within the jurisdiction of the court, and that Lowe was a necessary party to the action so far as an adjudication of title to property was concerned. The court also found that defendant Thelen on July 10, 1931, purchased at judicial sale all of the right, title and interest of the Ferdig Oil Company in and to the leases involved herein, together with the machinery and equipment situated on the property, and that ever since that date he has been in the possession of the machinery and equipment, and that on September 20, 1932, he obtained a sheriff's deed to the real property covered by the leases.

The court further found that all of the personal property of the Ferdig Oil Company was sold to Thelen for delinquent taxes on April 27, 1931, and that all of the real property here involved was struck off to Toole county for delinquent taxes on January 29,. 1929, and that on May 6, 1931, Thelen paid the taxes then due and delinquent and obtained an assignment of the tax sale certificate covering the real estate; that there was no redemption from any of the sales; that on December 31, 1932, Thelen for a valuable consideration transferred to F. J. Buscher an interest in the property; that between January 4, 1924, and August 6, 1929, plaintiff Wilson made no claim or demand upon S. C. Ferdig or H. L. Lowe, although he knew or should have known that they denied that plaintiff had any interest whatsoever; that between December 11, 1931, and the time of commencing this action, plaintiff made no claim or demand to the lands in question, and made no attempt to redeem them but stood by speculating as to possible increase in the value thereof.

The court found that defendant Thelen had notice of the pendency of plaintiff's action in Wyoming, but that he had no notice that plaintiff asserted any claim or title to the lands

involved in this action. It found that defendants Thelen and Buscher at all times acted in good faith and without fraud.

As conclusions of law the court found that the federal court in Wyoming was without jurisdiction to adjudicate the title to lands in Montana; that the decree in the Wyoming court is not *res adjudicata* as to Thelen and Buscher; that there was no joint adventure between S. C. Ferdig, plaintiff, and H. L. Lowe, as alleged in the complaint; and that plaintiff has been guilty of laches in asserting his claim against Thelen and Buscher. It denied relief to plaintiff and awarded costs to defendant.

As before stated, the main question here is whether the decree in the Wyoming court was *res adjudicata*. The pleadings need not be analyzed in detail. It is sufficient to say that the pleadings therein on the part of plaintiff raised the question of the title and ownership of the land here involved. The answer of defendant Thelen in that action did not set forth his interest in the property. It is contended by plaintiff that Thelen should have set forth his interest in and to the property in the Wyoming suit and, not having done so, he is precluded from now asserting any interest therein.

There would be merit in plaintiff's contention if the Wyoming court had jurisdiction to litigate title to land in Montana. But it is firmly established that an action to determine title to or an interest in real estate is local, and that the courts of one state have no jurisdiction to litigate the title to lands in another state. The general rule is stated in 15 C. J. 742, 14 Am. Jur. 430, 431, and 7 R. C. L. 1059. That rule applies also to the federal courts. (*Ellenwood* v. *Marietta Chair Co.*, 158 U. S. 105, 15 Sup. Ct. 771, 39 L. Ed. 913; *Shell Petroleum Corp.* v. *Moore*, (5 Cir.) 46 Fed. (2d) 959; *Livingston* v. *Jefferson*, 15 Fed. Cas. No. 8411, p. 660.) Jurisdiction lacking, it cannot be conferred by consent. (15 C. J. 802, 7 R. C. L. 1039.)

Had Thelen set out his interest in the property in the answer in the Wyoming case, the court would not have acquired jurisdiction to adjudicate title to the Montana property. The circuit court of appeals in *Ferdig Oil Co.* v. *Wilson*, (10 Cir.)

312

91 Fed. (2d) 857, held that since defendant Thelen filed an answer in the federal court in Wyoming, he submitted himself and his property rights to the jurisdiction of the court no matter where the property was situated. The authorities cited by the court in support of its conclusions are not in point and do not sustain the court's conclusion. We have not found any other authorities sustaining that view. The authorities sustaining the view that jurisdiction cannot be conferred by consent support the conclusion that the Wyoming court was without jurisdiction to determine title to real estate in Montana as against anyone, whether he submitted to the jurisdiction over his person or not. While it is proper for parties to submit to the jurisdiction of the court so far as their person is concerned, they cannot by consent give the court jurisdiction over real property outside the state. In other words, had the Wyoming case been one to compel the execution of a deed to property in Montana, a judgment so directing would have been binding upon those who were served and were before the court. The distinction between the two types of jurisdiction is well pointed out in *Brach* v. *Moen,* (8 Cir.) 4 Fed. (2d) 786, 790, and the cases therein cited. Among such cases is that of *Carpenter* v. *Strange,* 141 U. S. 87, 11 Sup. Ct. 960, 35 L. Ed. 640, from which the court in the *Brach Case* quoted the following: ''The real estate was situated in Tennessee and governed by the law of its situs, and while by means of its power over the person of a party a court of equity may in a proper case compel him to act in relation to property not within its jurisdiction, its decree does not operate directly upon the property nor affect the title, but is made effectual through the coercion of the defendant, as, for instance, by directing a deed to be executed or canceled by or on behalf of the party. The court 'has no inherent power, by the mere force of its decree, to annul a deed, or to establish a title.' '' The Wyoming case did not seek the execution of a deed by Thelen but the decree attempted to operate directly upon the title to the property. The court was without jurisdiction so to do. Hence the main contention of plaintiff cannot prevail.

It is contended that when Thelen purchased the property of ██ the Ferdig Oil Company at decretal sale, he knew of plaintiff's claim to a one-third interest therein by virtue of the fact that he was a party to the Wyoming suit and entered an appearance therein. That Thelen knew of this claim by plaintiff must be conceded, and the trial court's finding to the contrary was incorrect. However, that fact does not alter the correctness of the trial court's conclusion on the merits of the case. The fact that Thelen had notice of plaintiff's claim at the time he purchased the land simply placed him in the position of buying the property at his peril. But the trial court found that plaintiff had no interest in the property and that in fact there was no joint adventure as alleged. There is substantial evidence supporting that conclusion and, this being so, we will not disturb the trial court's finding. The decree in the Wyoming court to the contrary, as above pointed out, was not *res adjudicata* for want of jurisdiction. The lower court here had jurisdiction and its finding on the point is the only adjudication on the merits of plaintiff's claim and, it being groundless, Thelen's knowledge thereof did not affect the validity of the interest acquired by him.

Plaintiff's next contention is that when Thelen obtained the ██ property in question he occupied a fiduciary relationship to the Ferdig Oil Company, which made it improper for him to purchase the assets of the Ferdig Oil Company. That a director of a corporation may not deal with the corporate property in such a way as to acquire an interest adverse to that of the corporation is well settled. (*Golden Rod Min. Co.* v. *Bukvich*, 108 Mont. 569, 92 Pac. (2d) 316.) So far as the Ferdig Oil Company is concerned, however, the defendant Thelen was not a director in the corporation. The only relationship he bore to that corporation was that he was a member of the firm of Freeman, Thelen & Freeman, which firm was attorney for that corporation. Hence, the rule prohibiting directors from dealing with the assets of a corporation does not come into play so far as Thelen's dealings with the Ferdig Oil Company are concerned.

But plaintiff contends, and the record shows, that defendant Thelen was the vice-president and a director of the Yellowstone Petroleum Company, which was the owner and holder of 82 per cent. of the stock of the Ferdig Oil Company, and that he was therefore prohibited from dealing in the property of the Ferdig Oil Company adversely to the interests of the Yellowstone Petroleum Company. It is sufficient answer to this contention to note that Thelen warned the officers of both the Ferdig Oil Company and the Yellowstone Petroleum Company that if they did not pay him the money he had advanced to protect the property he was going to start in to protect himself, and that he was going to bid on the property. When the corporation is thus timely warned, the director is at liberty to acquire interests in the property adverse to that of the corporation. (*Golden Rod Min. Co.* v. *Bukvich,* supra.) Furthermore, a director in a corporation to whom the corporation owes a bona fide indebtedness may enforce payment by the same method open to any other creditor. (*Mayger* v. *St. Louis M. & M. Co.,* 68 Mont. 492, 219 Pac. 1102; 14 C. J. 848.) The effect of Thelen's action in bidding in the property at the decretal sale was to discharge a first lien upon the property in order to reach the equity in the property over and above the lien. When there is a forced sale of corporate property, a director who is also a creditor who warns the corporation that he is about to do so, may bid upon the property without being charged with improperly taking an interest adverse to the corporation.

There is here no question of bad faith on the part of the defendant Thelen. In fact, the court expressly found that in all his dealings he acted in good faith. It follows that when Thelen acquired the property of the Ferdig Oil Company at decretal sale he obtained a good title, since the court found that there was no joint undertaking as alleged.

Plaintiff contends that the sale by Thelen of an interest in the property to Buscher cannot stand since Buscher was president of the Ferdig Oil Company and of the Yellowstone Petroleum Company, and director of and managing the busi-

ness of both companies. The court expressly found that Buscher acted at all times in good faith. He purchased, not from the corporation, but from Thelen after the latter had acquired the interest of the corporation. There is nothing in the record to indicate that he was expected to buy it from Thelen for the benefit of the corporation. Thelen having a good title, as we have pointed out above, had the right to transfer the property or any interest therein to Buscher. The latter, acting in good faith in purchasing from Thelen, acquired as good a title as Thelen had.

Some contention is made that, since defendant Thelen was attorney for the Ferdig Oil Company, he was prohibited by section 8980, Revised Codes, from dealing with the property of the Ferdig Oil Company in the manner in which he did. We do not so interpret that section. Mr. Thelen had a bona fide indebtedness against the Ferdig Oil Company and was privileged to protect that interest and claim in the manner in which he did.

Judgment affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICK-SON and ARNOLD concur.

MR. JUSTICE MORRIS:

I concur in the result but not on the authority of the *Bukvich Case*.

Cause taken to the Supreme Court of the United States July 11, 1940. Writ of certiorari denied October 14, 1940.