In re McKINNON'S ESTATE
DALTON et al., Appellants, v. McKINNON, Respondent.
No. 8583
Submitted October 24, 1945. Decided December 18, 1945.
164 Pac. (2d) 726

Mr. E. F. Bunker, of Bozeman, and Mr. Frank E. Blair and Mr. Lyman H. Bennett, Jr., both of Virginia City, for appellants.

Mr. Fred L. Gibson, of Livingston, and Mr. Horace S. Davis, of Billings, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from certain portions of an order allowing, approving and settling the final account of the administratrix of the estate of Alex McKinnon, deceased.

The appeal presents the following three legal questions:

1. Whether the court was right in holding that the administratrix was justified in paying off a real estate mortgage after the time for presenting claims had expired and when no claim had been presented.

2. Whether under the facts the court was correct in holding that it was proper for the administratrix to amplify her final account so as to show a mistake in the description of property sold as reported in a return and account of sale of livestock which had been confirmed by the court.

3. Whether the court erred in allowing the payment of an item of $738 to Mr. K. McCallum for labor and the care of livestock.

The facts bearing upon the first legal question are these: During the lifetime of Alex McKinnon he executed a note payable to the Federal Land Bank of Spokane in the sum of $8,000, secured by a real estate mortgage. Mrs. McKinnon, his wife, joined in the execution of the note and mortgage but obtained none of the proceeds of the mortgage. A part of the indebtedness had been paid by the decedent before his death. During the course of the administration of the estate the administrtrix, Mrs. McKinnon, made payments on the principal and interest as the installments became due amounting to $1,254.68, which payments were allowed and approved by the court in approving the first account of the administratrix. The administratrix paid

the balance on the note and mortgage amounting to $5,022.58 in 1943. No claim on the note or mortgage was ever presented to the administratrix and the time for so doing expired in October 1940, and no court order was obtained authorizing the payment. There was ample money in the estate to pay the note and mortgage and other claims against the estate, leaving a balance in the hands of the administratrix for distribution. The estate was solvent. The court found that the mortgage indebtedness was justly due within the meaning of section 10298, Revised Codes, and that it was paid in good faith.

At the time the note and mortgage were paid there was pending an action wherein Mrs. McKinnon was plaintiff in which she sought to have set aside to her one-half of the real estate in lieu of dower. Subsequently judgment was entered therein awarding the relief to her which she demanded.

The appellants, who are sisters or issue of deceased brothers or sisters of the deceased, contend that it was illegal and unjust to them as heirs for the administratrix to pay the mortgage debt from the general assets of the estate.

It is their contention that since the claim was not presented, it was barred under section 10173 except as a charge against the property covered by the mortgage.

The administratrix contends, first, that because of sections 7052 and 10195, which make all the property of an estate liable and chargeable for the payment of debts, the administratrix was justified in paying the mortgage debt. There are cases sustaining this right under similar statutes where the decedent left a will devising certain real estate encumbered with a mortgage. Those decisions reach that conclusion in order to effectuate the intention of the testator. In re De Bernal's Estate, 165 Cal. 223, 131 Pac. 375, Ann. Cas. 1914D, 26; In re Estate of Brackey, 166 Iowa 109, 147 N. W. 188. It has also been held that the same rule applies in the case of intestacy. Appeal of Beard, 78 Conn. 481, 62 A. 704.

Whether, in view of the holding in the case of Mathey v. Mathey, 109 Mont. 467, 98 Pac. (2d) 373, we would reach the

same conclusion as did the Connecticut court need not now be determined because the action of the administratrix in paying off the mortgage must be upheld because of other statutory provisions.

The court correctly upheld her action because of sections 10194 and 10298. These sections, so far as applicable, provide:

Section 10194. "If there be any debt of the decedent bearing interest, whether presented or not, the executor or administrator may, by order of the court or judge, pay the amount then accumulated and unpaid, or any part thereof, at any time when there are sufficient funds properly applicable thereto, whether said claim be then due or not; and interest shall thereupon cease to accrue upon the amount so paid."

Section 10298. "* * * and if, upon such settlement of accounts, it appear that debts against the deceased have been paid without the affidavit and allowance prescribed by statute or sections 10174, 10175, and 10176 of this code, and it shall be proven by competent evidence to the satisfaction of the court or judge that such debts were justly due, were paid in good faith, that the amount paid was the true amount of such indebtedness over and above all payments or set-offs, and that the estate is solvent, it shall be the duty of the said court or judge to allow the said sums so paid in the settlement of said accounts."

Here the court had actually approved the payment of about $1,200 interest and principal, and regarding that no complaint is made. By so doing the court recognized the validity of the entire debt as of the time those payments were made. There is no question regarding the fact that the debt was justly due, except as it might be affected by nonpresentation of a claim, and that the estate is solvent. The legislature evidently intended by this section that non-presentation of a claim does not affect the fact that it is "justly due" within the meaning of this section. In other words, it seems plain that if the other conditions of section 10298 have been met, the fact of the lack of presentation of a claim does not prove that the debt is not

"justly due" and does not affect the right and duty of the court to approve the action of the administrator in paying it. In re Russell's Estate, 102 Mont. 301, 59 Pac. (2d) 777.

The second point relied upon by appellants arises from the following facts:

During the course of administration of the estate the administratrix sold some livestock belonging to the estate and secured the court's confirmation of the sale.

The report of the sale described only a portion of the livestock which, according to a prior report, the administratrix had on hand; leaving 39 dry cows unaccounted for. The final account and petition for distribution made no reference to these 39 head and appropriate objections were made to the final account and petition for distribution. The administratrix thereupon, and over the objection of appellants was permitted to file an amplification of her final account and report by showing that through inadvertence there were omitted from the description of the property in the return of sale the 39 dry cows in question; that the return had listed the sale of 65 yearlings and 25 cows with calves and 11 canner cows to Rich Richter for $11,621.20, whereas in fact there were sold to him for the sum stated the cattle as thus described together with 39 dry cows.

Appellants contend that it was error to permit the filing of this amplification and to approve the final account as thus amplified. They contend that since the application was made more than six months after the court had approved and confirmed the sale as shown by the return, it should have been denied in view of the proviso in section 9187 limiting the time for relief from certain judgments, orders or proceedings to six months after the taking of the judgment, order or proceeding against the applicants. We point out that no change was sought in the order of confirmation of the sale but it was sought to show that the return of sale inadvertently omitted 39 dry cows in the description of the property sold. This explanation was sought to be shown, not in the proceedings resulting in the confirmation of the sale, but in final accounting. If section 9187 has any

application to such a situation, it is the first part of section 9187, and not the last part that would bear upon the point.

The first part of section 9187 empowers the court to allow a ██ party to amend any pleading to correct a mistake without reference to the six-months' limitation found in the latter part of the section. Eadie v. Eadie, 44 Mont. 391, 120 Pac. 239, Ann. Cas. 1913B, 479. The inquiry under the first part of section 9187 is this: Should the amendment be allowed in furtherance of justice and, if so, upon what terms should the amendment be made. Both of these matters rested in the discretion of the trial court. Clearly there was no abuse of discretion here. The undisputed evidence is to the effect that the 39 dry cows were in fact part of the subject matter sold to Mr. Richter for the gross sum of $11,621.20 and that they were delivered to him as a part of that transaction. Furthermore, it sufficiently appears from other parts of the return showing the sale price of other cattle that unless the 39 dry cows were included in the transaction the price obtained for the remaining number would have been disproportionate to their value—thus suggesting a mistake on the face of the return. It should be noted, too, that no contention is made here that appellants have been misled in any way or that, had the return of sale correctly described the property, they would have objected thereto upon some ground not now available to them. There is likewise no suggestion of fraud or that the amplified account is not correct in the respect covered by the amplification.

It is our opinion that it would have been an abuse of discretion had the court not permitted the amplification under the circumstances here shown.

On the third point the court allowed the sum of $738 as a ██ credit for the amount paid by the administratrix to K. McCallum for labor on the ranch and caring for livestock. Appellants contend that no more than $375 should have been allowed. Their contention is predicated upon the fact that the evidence shows that he was to receive $3 per day and that he did no fencing after the cattle were taken off the ranch, which was in

the fall of 1942. There is evidence, however, that he worked from June 1942, to June 1943, building fences and cutting posts and caring for cattle when they were on the ranch, and that the sum of $738 is a reasonable sum for the services performed by him.

There is substantial evidence sustaining the finding of the trial court in this respect, and hence we will not disturb it. Cook-Reynolds Co. v. Beyer, 107 Mont. 1, 79 Pac. (2d) 658; Gahagan v. Gugler, 103 Mont. 521, 63 Pac. (2d) 145; Wilson v. Thelen, 110 Mont. 305, 100 Pac. (2d) 923.

Finding no error in the record, the order appealed from is affirmed.

Mr. Chief Justice Johnson and Associate Justices Morris, Adair and Cheadle concur.

Rehearing denied January 4, 1946.